## 15622.   NELLIS & CO. *v.* HOUSER.

1. A parol contract which would be otherwise invalid under the statute of frauds may be removed from the operation of the statute by such part performance as would render it a fraud of the party refusing to comply if the court did not compel a performance. Civil Code (1910), § 3223 (3).

2. But "the *mere* circumstance that a verbal agreement has been in part performed can afford no reason, such as to control the action of any court, whether of law or equity, for holding the parties bound to perform what remains executory. The doctrine of equity in such cases is, that where an agreement has been so far executed by one party, with the tacit encouragement of the other, relying upon his fulfilment

of it, that for the latter to repudiate and shelter himself under the provision of the statute would amount to a fraud upon the former, that fraud will be defeated by compelling him to carry out the agreement." See *Brunswick Grocery Co.* v. *Lamar,* 116 *Ga.* 1 (2), 6 (42 S. E. 366).

3. In an action for damages by the vendor against the vendee in a parol contract for the sale of goods amounting to more than $50, because of the vendee's refusal to accept and pay for the goods, where the defendant invoked the statute of frauds as a defense, and the evidence showed part performance by the vendor but did not demand a finding that the part performance was such that it would be a fraud on him for the vendee to refuse performance, although such inference would have been authorized, the court committed error as against the vendee in charging the jury that if the vendor "performed any work or labor, or contracted for material, or went to any expense peculiarly in complying with the terms of the contract . . , that . . would be a part performance, and would take it out of the statute of frauds." Compare *Burnett* v. *Blackmar,* 43 *Ga.* 569 (1), 577. The error in the excerpt is that, in effect, it instructed the jury as a matter of law that any part performance would satisfy the exception to the statute; whereas the court should have submitted to the jury the question as to whether there was such part performance by the vendor "as would render it a fraud of the party refusing to comply." Civil Code (1910), § 3223 (3).

4. Solely because of the error indicated above the court erred in overruling the motion of the vendee for a new trial.

DECIDED DECEMBER 15, 1924.

Action for breach of contract; from city court of Houston county —Judge Riley. April 19, 1924.

*Brown & Brown,* for plaintiffs in error.

*C. L. Shepard,* contra.

BELL, J. We find no merit in any of the general grounds of the defendants' motion for a new trial, nor in any special ground except that dealt with in the first three headnotes. The facts pertinent to the rulings made therein are as follows: The plaintiff, who was a peach grower, entered into a parol contract with the defendants for the sale to them of three cars of peaches, by the terms of which it was agreed that the defendants would take the next three cars which the plaintiff should have ready for market, at prices per crate specified. The contract as modified by the parties provided that the first car was to be loaded on Saturday, July 7, and "delivered" or "turned over" to the defendants at that time; the second car to be loaded on July 9 and the third and last car on the 10th or 11th of July. Originally it was stipulated that the first car should be "turned over" ·to the defendant purchasers on Friday afternoon,

but, the peaches not being then ready for shipment (not sufficiently ripe), the defendants agreed to wait until Saturday and to pay the expense of "carrying the car over." They agreed also to have the car moved to Fort Valley (distance not being shown), and reiced; and the plaintiff was to finish loading the car there, although he had partially loaded it at his own packing house, where it seems he was expected under the contract to load it. An employee of the defendants was left at the plaintiff's packing shed to inspect the peaches as to quality, but not variety, and to see that they were properly packed. Upon the car being so removed to Fort Valley, and placed at the defendants' packing shed, the plaintiff, according to agreement, hauled the peaches from his farm to that place and concluded loading the car, after which the defendants' employee who had inspected the packing prepared a memorandum showing the number of crates in the car, which he thereafter submitted to one of the defendants, and at the latter's direction placed a certain slip or notice on the car "for the purpose of notifying railroad that it is to be pulled," or ready to be transported. Thereafter the plaintiff went to the office of one of the defendants, "expecting a settlement for the peaches." This defendant, acting for the other, refused to "take" the peaches, because, as he claimed, the car did not, as to the relative proportions of the two varieties contracted for, conform to the contract. The defendants on the same day ordered the plaintiff not to deliver the other two cars. The plaintiff packed the peaches in accordance with the direction of the defendant through its inspector. The plaintiff notified the defendants that he would sell the peaches for their account and hold them for the difference between the contract price and the price on resale. This action was subsequently brought for that difference. A verdict was found for the plaintiff, and the defendant filed a motion for new trial, in one of the special grounds of which exception is taken to the instruction set forth in headnote 3.

The plaintiff, in the nature of his allegations, can not insist upon an acceptance even of the car which he loaded and attempted to deliver on Saturday. He alleges, and sues for, a *refusal to accept* any of the three cars. See *Brunswick Grocery Co.* v. *Lamar,* 116 *Ga.* 1 (1) (42 S. E. 366).

The contract was an entire one. The plaintiff's acts were in relation to but one of the three cars of peaches contracted for. It

can not be held as a matter of law that what the plaintiff did was such part performance "as would render it a fraud of the party refusing to comply if the court did not compel a performance." Civil Code (1910), § 3223 (3). The charge in effect instructed the jury that it was. *Burnett* v. *Blackmar,* 43 *Ga.* 569 (1), 577. The rulings set forth in the headnotes need not be elaborated.

Another defense was that the car offered on Saturday did not contain the relative proportion of the two varieties, specified in the contract. It was a jury question as to whether this defense was sustained.

The foregoing statement is intended to cover the facts as the jury might have found them in favor of the plaintiff. As already indicated, we have deemed it necessary only to state such facts as are pertinent to the point on which we reverse the judgment of the court below, since in other respects it is perfectly clear there was no error.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*