38103.   DEALERS DISCOUNT & INVESTMENT
COMPANY v. MITCHELL MOTORS, INC.

DECIDED JUNE 6, 1960—REHEARING DENIED JUNE 27, 1960.

*Edgar C. Gentry*, for plaintiff in error.
*Marvin G. Russell, Turner Paschal,* contra.

NICHOLS, Judge. ■ Special demurrers 3 and 7 complain that the petition fails to set forth the terms and conditions of the alleged oral contract and also fails to allege that the written contract complied with the terms of the oral contract. The trial court did not err in overruling these demurrers because every element of the entire transaction was set out in the original petition, and particularly in the amendment thereto wherein it is alleged "plaintiff says further that said defendant, by and through its said agent Bulloch positively stated to plaintiff's agent Ritz in plaintiff's place of business, 350 West Peachtree St., N. W., Atlanta, Georgia, that if this plaintiff would sell said automobile to the said Eve under a conditional sales contract note, and that if plaintiff would endorse said conditional sales contract note to said defendant without recourse that it would pay to plaintiff the sum of $4,318.15. A copy of said conditional sales contract note agreed to be purchased by said defendant, and which was purchased on said date, signed by the said Eve and transferred and assigned to defendant without recourse is attached hereto as exhibit 'A' in paragraph 8 of said original petition to which reference is prayed as often as may be necessary. All of said dealings at said time and place prior to the execution by the said Eve of said conditional sales contract note, its transfer without recourse by the plaintiff to said defendant, were oral, made by defendant's agent, the said Bulloch." Not only did the petition, as amended, sufficiently allege the terms and conditions of the contracts, oral and written, but in addition a copy of the written conditional-sale contract note was attached as an exhibit to the petition. Obviously these demurrers were without merit, and as stated above, the trial court did not err in overruling them.

The remaining special demurrers were neither argued nor insisted on and therefore will not be considered by the court.

■ While the assignment of error on the overruling of the general demurrer is that the petition does not set out a cause of action, counsel in his brief argues as reason why it does not set out a cause of action that the petition is duplicitous. As duplicity is not reached by general demurrer, but must be attacked by special demurrer, this assignment of error is without

merit, and the trial court did not err in overruling the general demurrer. *Silvertooth v. Shallenberger*, 49 Ga. App. 133, 134 (174 S. E. 365); *Carratt v. Ritsch*, 98 Ga. App. 448 (105 S. E. 2d 762).

In further support of its general demurrer the defendant argues that the petition was in the alternative or disjunctive, that it failed to allege the terms of the oral contract to discount and did not allege that the terms and conditions of the contract actually submitted were in compliance therewith, and that therefore the petition failed to allege a cause of action in regard to the alleged oral contract to discount. This argument is based on the theory that at least three theories of recovery were set forth in the petition, and that where one is bad all are bad and the petition is subject to general demurrer. In support of this contention the defendant quotes the following language from *W. P. Brown & Sons Lumber Co. v. Echols*, 200 Ga. 284, 288 (36 S. E. 2d 762): " 'Where pleadings are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader; so that, if two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, and if any one of several averments alleged in the alternative is insufficient to state a case of action, the entire pleading is bad and subject to general demurrer.' *Consolidated Distributors, Inc. v. Atlanta*, supra [193 Ga. 853, 20 S. E. 2d 421]."

The language quoted from the petition in the first division of the opinion was sufficient to show that the contract actually executed by Eve and assigned without recourse to the defendant was in accordance with the oral agreement or oral contract to discount.

Accordingly the argument of the defendant that such allegations were not in the petition is without merit. Therefore, assuming, but not deciding, that the petition alleged three theories of recovery no error is shown by the defendant's argument, and the petition was not subject to general demurrer for such reason, nor was the petition otherwise subject to general demurrer.

■ The second assignment of error complains of the trial court's admitting into evidence, over objection of the plaintiff in error, the contract attached to the petition as exhibit "A" and identified on the trial as "P-2". The objection made to the admission was on the ground that the plaintiff in error was not a party to it and on the further ground that the executing witness was not produced into court to testify as to its execution. Code § 38-706 provides: "The subscribing witness shall be produced in all cases except the following. . . 4. If the paper is only incidentally or collaterally material to the case." Since this was an action on the check itself, the contract between the purchaser Eve and the seller Mitchell Motors, Inc., was only incidentally or collaterally involved, and proof of the proper execution of same was neither necessary nor material to the case. Accordingly the court did not err in admitting the contract into evidence.

■ The third assignment of error complains of the trial court's overruling the motion for nonsuit, such motion being based on the fact that the case as alleged and proved clearly came within the provisions of the statute of frauds. The defendant in error having proved its case as laid, as is conceded in the brief of counsel for the plaintiff in error, under the record in this case, the allegations of the petition and the evidence in support thereof, the plaintiff in error is now estopped to invoke the statute of frauds and from taking refuge under the provisions thereof. "Where an agreement has been so far executed by one party, with the tacit encouragement of the other, relying upon his fulfillment of it, that for the latter to repudiate and shelter himself under the provision of the statute would amount to a fraud upon the former, that fraud will be defeated by compelling him to carry out the agreement." *Brunswick Grocery Co. v. Lamar*, 116 Ga. 1 (2), 6 (42 S. E. 366); *Nellis & Co. v. Houser*, 33 Ga. App. 266 (125 S. E. 790); Code (Ann.) § 20-402 (3). The trial court did not err in denying the motion for nonsuit.

In the brief of the plaintiff in error filed in this court it is urged that the trial court erred in awarding interest in addition to the principal amount sued for since the petition as amended contained no prayer for the recovery of interest. That question

not having been raised in the trial court and there being no assignment of error thereon in the bill of exceptions it is not properly before this court and cannot be considered.

*Judgment affirmed. Bell, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. Assuming that the petition could be construed to attempt to set forth several distinct causes of action, one on a check, including allegations seeking to negative defenses, one for breach of a contract to indorse without recourse and one for fraudulent promise to so indorse, each one would be good as against a general demurrer and a special demurrer would be required to reach the misjoinder. As I understand the pleadings, the signature to the conditional-sale contract was not denied. The defendant simply contended that the copy attached to the petition was not a correct copy. I concur in the judgment affirming the overruling of the motion for a new trial.