24634. LANGAN v. LANGAN.

Argued May 15, 1968—Decided June 20, 1968.

*Westmoreland, Hall & O'Brien, P. Joseph McGee, John L. Westmoreland, Jr.,* for appellant.

*Robert E. Corry, Nall, Miller, Cadenhead & Dennis,* for appellee.

FRANKUM, Justice. ■ The motion to dismiss is without merit. The attorney for the appellant and the attorney for the appellee stipulated between themselves that "the following record consisting of pages 2-34, inclusive, is a true and correct copy of testimony introduced into evidence at the trial of the case before the court and jury in Fulton Superior Court, and it is stipulated further that the same sets forth the entire testimony concerning the issue of title and ownership of the real property located at 706 Darlington Road, N.E., Atlanta, Georgia, that was introduced in evidence upon the trial of the case before the court and jury of Fulton Superior Court. It is stipulated further that the same shall be filed as the brief of evidence and transcript of evidence in the above entitled case." The portion of the transcript referred to was filed on January 25, 1968, which was prior to the date the notice of appeal was filed. Thereafter a supplemental transcript was filed which merely showed that a motion for a directed verdict as to the issue of the ownership of the property in question was duly and timely made by the apppellant on the trial of the case. This supplemental transcript was not filed until March 29, 1968, which was more than thirty days after the filing of the notice of appeal. However, appellant's motion for a judgment notwithstanding the verdict which was sent up as a part of the record in the case recites that, at the close of the evidence in this case and before the arguments of the jury began and before the court began the instructions to the jury, the plaintiff, movant therein, made an oral motion that the court direct a verdict in favor of the plaintiff and against the defendant, insofar as the house and real estate at 706 Darlington Road, N.E., Atlanta, Georgia, was concerned.

This recitation is nowhere controverted in the record, but on the contrary counsel for the appellee, in their brief in this case, state as a fact that appellant, at the close of the evidence, moved for a directed verdict in her favor as to her rights in the real estate in question. Therefore, the motion to dismiss is denied.

■ The sole issue presented by the appeal is whether there was sufficient evidence adduced upon the trial of the case to authorize the jury to find that the presumption (arising under the provisions *Code* § 108-116) that the defendant intended to make a gift to the plaintiff of the property in question when he purchased the same and had the deed made to her was rebutted by the evidence, so as to authorize the jury to find a resulting trust in favor of the husband. The Code section referred to provides: "As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted."

Under that Code section this court has held: " 'Where a husband pays the purchase money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift, the proof must be clear and convincing.' *Jackson v. Jackson*, 150 Ga. 544 (104 SE 236); *Browning v. Barber*, 154 Ga. 221 (113 SE 797); *Code* § 108-106. In *Kimbrough v. Kimbrough*, 99 Ga. 134 (25 SE 176), this court held: 'Where a husband with his own money purchased and paid for a home, and deliberately and intentionally had the same conveyed to his wife, with no understanding or agreement that he was in any event to have an interest in the title, the transaction amounted to a gift from the husband to the wife, and as between them the property became

■

absolutely her separate estate.' " *Williams v. Thomas,* 200 Ga. 767, 773 (1) (38 SE2d 603). The evidence in that case, as set forth in the official report showed a much stronger set of circumstances, than shown by the evidence here, to rebut the presumption arising under the Code section in question. In this case there was nothing in the evidence to authorize a finding that a resulting trust arose in favor of the husband. In fact, the only evidence with respect to the purpose and intent of the defendant in having the house placed in the plaintiff's name was the testimony of the defendant that: "Well, I claimed to own that house. I put it in my wife's name to protect her," plus evidence that at the time the house was purchased the defendant was in debt and that one of the purposes in putting the house in the plaintiff's name was to insure that it would be beyond the reach of the defendant's creditors.

In such circumstances the equitable doctrine that "when both parties are at fault, and equally so, equity will not interfere, but will leave them where it finds them" *Code* § 37-112 is applicable. " 'An executed contract, such as an absolute conveyance purporting on its face to be a deed for the sale of land, though in fact a "mere sham" and made for the purpose of delaying or defrauding a creditor, is binding upon the maker, and he is estopped from impeaching it. . . Hence, a husband who, in order to delay or defeat the collection of a claim for alimony or other lawful demands against him, conveyed land to another person and put that person in possession, could not maintain against the latter an action for the breach of a bond given by him to reconvey the land whenever so required. This is so, not because the law is disposed to aid one of the wrongdoers in retaining the fruits of the unlawful transaction, but because it denies the benefit of its remedies to the other.' *Cronic v. Smith,* 96 Ga. 794 (22 SE 915)." *Harrell v. Fiveash,* 182 Ga. 362, 364 (185 SE 327). See also *Sheridan v. Sheridan,* 153 Ga. 262 (111 SE 906).

It follows that the trial court erred in overruling the motion for a judgment notwithstanding the verdict, and direction is given that judgment be entered in accordance with the motion.

*Judgment reversed. All the justices concur.*