## 47491. MURRAY v. GAMBLE et al.

BELL, Chief Judge. The plaintiffs, interior decorators, sued to recover for items of furnishings they had placed in defendant's home. The defendant counterclaimed. Paragraph 5 of the counterclaim alleged that the plaintiffs had damaged defendant by placing improper rugs in his home and that they were placed in his home subject to his approval; that the plaintiffs agreed to be responsible to obtain the return of the six thousand dollar deposit the defendant had made on the rugs which they failed to do. At the conclusion of the evidence the trial judge refused to permit the issue made by paragraph 5 of the counterclaim to be considered by the jury. A verdict was returned in favor of plaintiffs.

It appears from the evidence that the plaintiffs acting as agents of the defendant procured three rugs from a third party, Albert, for installation in the defendant's home. After the placement, one of the plaintiffs, according to defendant's testimony, requested of the defendant a six thousand dollar payment to Albert on the purchase price of these rugs; that this plaintiff advised the defendant that the rugs were in the home on a trial basis and that if defendant did not want them, they could be returned and a refund would be made of the payment. The six thousand dollar deposit was made. Many months after the installation of the rugs the third party, Albert, by his attorney, communicated by letter with defendant in an effort to collect the balance due on his account with

defendant. Defendant replied by letter stating that the rugs were unsatisfactory and proposed to return the rugs if the third party, Albert, would refund his earlier payment. Albert's attorney responded stating that if the rugs were returned a refund of the down payment would be made. The record clearly shows that defendant did nothing further to require plaintiffs, as his agent, to effectuate the return of the rugs. Albert then sued the defendant and obtained a default judgment against him for balance due on the purchase price of the three rugs. *Held:*

The trial judge by his refusal to submit this issue as to the counterclaim in effect directed a verdict for plaintiffs as to this item of the counterclaim. We affirm. A verdict for plaintiff was demanded by the evidence as to this part of the counterclaim. The only theory of recovery that could be had by defendant against plaintiff would be for a breach or non-performance by an agent of obligations undertaken in the contract of agency. An agent may breach his contract of agency for which the principal was entitled to resort to remedies provided by the law of contracts. *Cutcliffe v. Chesnut,* 122 Ga. App. 195 (1) (176 SE2d 607). On a directed verdict the court is bound to consider the evidence in the light most favorable to the party against whom the verdict is asked to be directed. *Bennett v. Associated Food Stores,* 118 Ga. App. 711 (2) (165 SE2d 581). Applying this rule, although the evidence may show that there was some loose agreement by the plaintiffs as agent, upon being notified of the disapproval or acceptance by defendant of the rugs to effectuate their return and the return of the six thousand dollar down payment made by defendant, the evidence fails to show wherein the agent breached any agreement as between the parties to the instant suit. The evidence demands a conclusion that the defendant did nothing to place any duty upon the agent in order to bring into play the agreement between the parties. All that the evidence shows is that after the defendant communicated directly

with the third party, Albert, agreeing to return the rugs and in return the repayment of the sum paid previously by him which was accepted by the third party, the defendant literally "sat on his rights" and did nothing to cause the return of the rugs. Thus, the evidence in the case demanded a verdict for plaintiffs on this part of defendant's counterclaim.

*Judgment affirmed. Evans and Stolz, JJ., concur.* SUBMITTED SEPTEMBER 7, 1972—DECIDED JANUARY 23, 1973.

*Lewis, Lewis, Spearman & Bynum, Joe H. Bynum, Jr.,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Tom B. Benham,* for appellees.