## 33541. TALMADGE v. TALMADGE.

NICHOLS, Chief Justice.

This appeal arises out of a divorce proceeding between the parties in which the former husband sought to impress a trust on the proceeds of the sale of stock purchased by him and placed in the name of the former wife. A divorce on the pleadings previously had been granted. The implied trust issue was tried separately from the other alimony issues. The jury found in favor of the former husband, and the former wife appeals.

1. The first enumeration of error contends that the trial court erred in overruling appellant's motion for summary judgment.

"After verdict and judgment, it is too late to review a judgment denying a summary judgment, for that judgment becomes moot when the court reviews the evidence upon the trial of the case." *Phillips v. Abel,* 141 Ga. App. 291 (1) (233 SE2d 384) (1977). There is no merit in this enumeration of error.

2. The second and third enumerations of error contend, respectively, that the trial court erred in overruling appellant's motions for directed verdict at the close of plaintiff's evidence and at the close of all the evidence.

In *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755 (1) (238 SE2d 869) (1977), this court held: " '[I]t is error to direct a verdict unless the evidence *demands* the particular verdict and fails to disclose *any* material issue for jury resolution.' (Emphasis supplied.) *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323, 326 (197 SE2d 126) (1973). In directing a verdict the court must consider the evidence in the light most favorable to the party against whom the verdict is asked to be directed. *Murray v. Gamble,* 127 Ga. App. 855 (195 SE2d 461) (1973). It is, therefore, error for the court to direct a verdict where conflicts exist which would necessitate a jury's resolution."

In the present case there was some evidence in rebuttal of the statutory presumption of a gift, requiring submission of the case to a jury.

The former husband testified that he had handled all

investments for his family; that he had bought and sold real estate and securities within his discretion; that when something was in his former wife's name, he had asked her to sign the necessary papers, which she had done; and that prior to the transaction in question she never had questioned him.

The former wife testified that she had signed anything her former husband had put in front of her and that she did not know why the stock in question was put in her name.

The former husband testified he had paid gift taxes on gifts made to his former wife and his children but that no gift tax was paid on the stock in question because no gift of the stock had been made.

An accountant testified that the former wife had taken some $30,000 more out of the joint bank account from which the stock in question was purchased than she had put into the account; hence, the former husband had paid for the stock.

The former husband's evidence thus tended to establish a course of conduct regarding business transactions occurring between him and his former wife from which a jury would be entitled to conclude that the intention of the parties at the time of the subject transaction was to establish a resulting trust for him, rather than a gift for her. "In its last analysis, a resulting trust, as between husband and wife where the husband pays the purchase-money and title is taken in the name of the wife, rests upon the the intention of the parties at the time of the transaction, with the presumption being that the transaction was a gift. Parol proof of conduct, circumstances, and declarations is admissible as tending to show the intent of the parties; and such evidence might ordinarily, if sufficiently clear and convincing, authorize a jury to find that the intention of the parties was that the conveyance should be in trust and not a gift." *Williams v. Thomas,* 200 Ga. 767, 775 (38 SE2d 603) (1946). See also *Adderholt v. Adderholt,* 240 Ga. 626, 629 (242 SE2d 11) (1978), which cited *Williams v. Thomas,* supra, for the rule that the understanding or agreement of the parties at the time of the transaction may be shown by "the conduct of the parties."

The trial court did not err in overruling the motions for directed verdict.

3. The fourth enumeration of error contends that the trial court erred in not directing a verdict for appellant because the evidence showed plaintiff had "unclean hands."

The evidence does not demand a verdict of illegal tax evasion as distinguished from legal tax avoidance by the husband. See *Whitley v. Whitley*, 220 Ga. 471, 473 (139 SE2d 381) (1964). Accordingly, it was not error for the trial court to submit the issue of "unclean hands" to the jury for special verdict. *North Ga. Production Credit Assn. v. Vandergrift*, 239 Ga. 755 (1), supra.

4. The fifth, sixth and eighth enumerations of error contend the trial court erred in its charge on intent of the appellee to make a gift. The donor's intention to give being a prerequisite to a valid gift under Code § 48-101, the trial court did not err in giving the charges complained of in these enumerations of error. See *Adams v. Adams*, 213 Ga. 875 (4) (102 SE2d 566) (1958).

5. The seventh enumeration of error complains of the charge defining an implied trust. The appellee's entire claim was based upon implied or resulting trust. Without such a charge, there would be no guidelines for the jury in deciding the issue. There is no merit in this enumeration of error.

6. The ninth enumeration of error contends that the trial court erred in its charge on the burden of proof required to rebut the presumption of a gift. The appellant asserts that the court charged that appellee must prove his allegation that no gift had been made by only a preponderance of the evidence, rather than by clear and convincing evidence.

Although the court did mention "preponderance of the evidence" in the general portions of his charge not relating expressly to rebuttal of the presumption of gift, he thereafter charged no less than seven times that the husband had the burden of rebutting the presumption of gift established by Code Ann. § 108-106 by "clear and convincing evidence." The charge on burden of proof taken as a whole was entirely sound. *Brown v. Matthews*, 79 Ga. 1 (4 SE 13) (1887). There is no merit in this

enumeration of error.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Hill and Bowles, JJ., who dissent.*

ARGUED MAY 8, 1978 — DECIDED JUNE 27, 1978 —
REHEARING DENIED JULY 20, 1978.

*Kutak, Rock & Huie, W. Stell Huie, Paul A. Howell, Jr.,* for appellant.

*Alex McLennan,* for appellee.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

