## 33749. GRIGGS v. GRIGGS.

HILL, Justice.

The parties were married in 1959. During the marriage a home was acquired, the property was paid for by the husband and title was placed in his name. On April 17, 1972, the wife's birthday, the husband executed a warranty deed to his wife, the stated consideration being the "Love and affection that I have for my wife."

When the wife sued for divorce in 1977 the husband claimed a resulting trust in the home place, and testified that because of advice from his accountant, he put the property in his wife's name as a means of reducing his estate taxes with the understanding that she would hold the property in trust for him and would reconvey it to him in the event she predeceased him or the parties separated. The accountant testified that he suggested that the home be placed in the wife's name for estate tax purposes. He testified further that he was not sure that the wife understood the arrangement.

Sitting without a jury the trial judge decreed that the property belonged to the husband. The wife appeals

enumerating that the trial court erred in its findings and conclusions that a trust was created by the parties as to this property and in decreeing that the property belonged to the husband.

Equity may declare a trust to exist under the circumstances specified in Code § 108-106. *Vickers v. Vickers,* 133 Ga. 383 (65 SE 885) (1909). However, equity will not do so at the insistence of a party who lacks clean hands with respect to those matters concerning which he seeks relief. *Griffith v. City of Hapeville,* 182 Ga. 333 (2) (185 SE 522) (1936); *Sammons v. Tingle,* 216 Ga. 509 (117 SE2d 531) (1960).

In *Whitley v. Whitley,* 220 Ga. 471 (139 SE2d 381) (1964), the petitioner sought cancellation of contracts, creation of a trust and other equitable relief. He alleged that he had transferred control of his corporation to his sons. He alleged that his purpose in executing those contracts was to save money which otherwise would be due the federal and state governments on his death, but that it was the understanding of the parties that the contracts would not affect the relationships of the parties, that he would retain ownership of the corporation, and that the sons would cancel the contracts at his request. This court said (220 Ga. at 473): "According to the petitioner's own allegations he comes into equity with unclean hands. Therefore, he must fail. His avowed purpose in executing the contracts now complained of was to avoid estate taxes to the United States and this State . . . While these contracts upon their faces purported to transfer, for a valuable consideration, the petitioner's stock in the corporation, the allegations of his petition show that no actual divestment was intended. . . There is a difference between the legitimate arrangement of one's affairs so as to minimize or avoid taxes and sham transactions designed to camouflage the actual situation. . . The former are permissible, but the latter are disapproved. . . Equity will not relieve the parties from such sham agreements."

In *Daniell v. Collins,* 222 Ga. 1 (148 SE2d 295) (1966), plaintiff sued for cancellation of a deed which he had granted to the defendant, his former tenant, so as to enable the tenant to claim a homestead exemption and

thereby reduce the taxes due on the property. Plaintiff also testified that the defendant agreed to reconvey the property to him upon request. This court denied relief, saying (222 Ga. 3): "The appellant in his deposition admitted that the conveyance was made by him for the purpose of evading the payment of taxes, and he gives no other explanation for executing it. Hence this court is compelled to apply the maxim of 'unclean hands' on the part of the appellant in conveying the property to the appellee."

It is not improper for one spouse to deed property to the other spouse so as to minimize or eliminate estate tax liability, but it is improper for the parties to agree that notwithstanding such deed and claimed tax reduction the grantee holds the property in trust for the benefit of the grantor. A grantor in such a situation lacks clean hands. There is no evidence that the grantee lacks clean hands. See Code § 37-112. The trial court erred in declaring that the husband was the equitable owner of the property in question.

It follows that the trial court erred in ordering the wife's notices of lis pendens canceled.

*Judgment reversed. All the Justices concur, except Nichols, C. J., Jordan and Hall, JJ., who dissent.*

ARGUED JULY 10, 1978 — DECIDED SEPTEMBER 7, 1978.

*Linton K. Crawford,* for appellant.
*James N. Butterworth, Bruce S. Harvey,* for appellee.