## 38267. WEINTRAUB v. COBB BANK & TRUST COMPANY.

WELTNER, Justice.

Weintraub signed a demand promissory note in 1975, payable to the Cobb Bank and Trust Company (the "Bank") in the amount of approximately $142,000. The note was renewed several times, the last instrument, dated August 30, 1977, being in the amount of approximately $160,000.

When Weintraub failed to pay the 1977 note, the Bank sold on foreclosure his property in Henry County, and seized his Jaguar automobile. The Bank petitioned Henry Superior Court for confirmation of the sale of the real property pursuant to a claim for deficiency. Thereafter, Weintraub brought this equitable action in Cobb Superior Court, seeking, *inter alia,* cancellation of the note, injunctive relief, and damages. That court issued a temporary restraining order at his request which stayed a scheduled confirmation hearing.

Weintraub contends that he and the Bank had an oral agreement whereby he would buy the property in Henry County from the Bank for approximately $103,000; the Bank would assign to him a promissory note of one Huie in the amount of approximately $39,000; his total obligation to the Bank would be the sum of these two amounts, approximately $142,000; and he would *not* be liable for the face amounts of either the original or the renewal notes.

The Bank denies such oral agreement. It has not assigned the Huie note to Weintraub, but marked the note "paid," and returned it to the maker.

The trial court vacated its temporary restraining order; granted partial summary judgment in favor of the Bank (the effect of which was to strike all of Weintraub's affirmative defenses); and ruled that the Bank is entitled to a deficiency judgment, subject to confirmation in Henry Superior Court.

1. In *Rogers v. Atkinson,* 1 Ga. 12 (1846), Chief Justice Lumpkin wrote: "We conclude then that there is no rule of law better settled, or

more salutary in its application, than that which refuses to admit oral testimony to contradict, vary, or materially affect, written agreements . . . p. [20]. The inflexibility of this doctrine is vigorously supported by all the judges in the case of Woodbridge vs. Spooner, (1 Chitty's Rep. 667, as condensed in 3 Barn. and Ald. 233) . . . Bailey J. 'It would be extremely dangerous and inconsistent with those general rules of evidence, by which we proceed in courts of justice, to allow a party, after giving an instrument, in which he says, "I promise to pay on demand," to say by parol evidence, "You know I did not mean to pay on demand. . . ." ' " p. [19]. See also *Peagler v. Huey,* 183 Ga. 677 (5) (188 SE 906) (1936): "Evidence that at the time the maker signed the note it was distinctly understood that the maker would not have to pay the note is not permitted to compete with the written contents of the note which fails to contain the alleged stipulations." See *Dendy v. Gamble & Copeland,* 59 Ga. 434 (1877); *Byrd & Co. v. Marietta Fertilizer Co.,* 127 Ga. 30 (56 SE 86) (1906); *Cobb Bank & Trust Co. v. Henry,* 246 Ga. 225, 227 (271 SE2d 444) (1980); *Curtis v. First Nat. Bank,* 158 Ga. App. 379, 381 (280 SE2d 404) (1981).

Weintraub's evidence, proffered to establish an alleged oral agreement that he was not to be obligated on the note, must be excluded.

2. Parol evidence is admissible, however, to show want or failure of consideration. *Rogers v. Atkinson,* supra, at 23; *Pitts v. Allen,* 72 Ga. 69 (2) (1883); *Deep South Services v. Wade,* 248 Ga. 80, 81 (281 SE2d 561) (fn. 3) (1981). The note in issue contains no recital of consideration. Weintraub's proffered evidence of failure or want of consideration (the alleged failure of the Bank to assign to him the Huie note) is sufficient to create a genuine issue of fact, and, to that extent, the grant of summary judgment was error.

3. The renewal note of 1977 in possession of the Bank contains a listing of the following as security interests: deed to secure debt covering property in Henry County, third mortgage on property in Fulton County, assignment of general renewal commissions and benefits, 1971 Jaguar Roadster, and 1955 Rolls Royce Sedan.

Weintraub contends that this note was altered by the Bank, and, as executed by him, the only collateral was the Henry County property. He admits, however, that from 1977 to 1979 he signed various security agreements and other instruments which granted to the Bank interests in all of the properties listed above to secure all present and future indebtedness. Thus, regardless of whether the specified properties were included in the 1977 note as executed by Weintraub, they are, by virtue of the other documents, security for his obligations under the 1977 note.

4. Finally, Weintraub contends that the grant of partial

summary judgment in favor of the Bank for any deficiency on the public sale of the Henry County property is in violation of Code Ann. § 67-1503, Ga. L. 1935, p. 381, which provides: "When any real estate is sold on foreclosure, without legal process, . . . and at such sale said real estate does not bring the amount of the debt secured . . . no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall . . . report the sale to the judge of the superior court of the county in which the land lies . . . and obtains an order of confirmation and approval thereon."

In the narrowest of technical senses, the Bank's counterclaim asserting a deficiency might be construed as initiating an action prior to confirmation. In proper perspective, however, the claimed deficiency is a defense to Weintraub's complaint, which attacked the Bank's right to a deficiency and sought to restrain the confirmation proceeding. The conditional ruling by the Cobb Superior Court on the deficiency in no way prejudices Weintraub, as he may contest fully the legality of foreclosure, sale, and confirmation in Henry Superior Court. To require that the counterclaim be severed, to be considered in any aspect only after confirmation, would be a waste of judicial resources.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 2, 1982 —
REHEARING DENIED MARCH 10, 1982.

*Chambers, Chambers & Chambers, John W. Chambers, Sr., Timothy D. Chambers,* for appellant.

*Kilpatrick & Cody, Thomas C. Harney, Deborrah A. Sutter,* for appellee.

