## 38319. HARRELL v. HARRELL.

MARSHALL, Justice.

The appellant-former husband appeals from a jury verdict awarding various parcels of real estate, stock certificates, and promissory notes to the appellee-former wife, who holds legal title to these properties. The former husband supplied the purchase monies, and he claims equitable title under the theory of implied trust.

The appellant complains of a ruling of the trial judge refusing to allow him to introduce evidence that it had been his practice with a former wife to purchase properties in her name while retaining the beneficial use thereof; that the appellee had knowledge of this practice; and that this practice had been continued with the appellee by her consent. He sought to introduce this as circumstantial evidence bearing on her intent and showing that there was both an express and implied understanding that she was holding legal title for his benefit. The trial judge refused to admit this in evidence, stating

that he would not allow any evidence concerning what happened in the husband's former marriage.

We are thus presented with an opportunity to clarify any perceived want of consistency in our recent holdings in *Adderholt v. Adderholt,* 240 Ga. 626 (2) (242 SE2d 11) (1978), *Talmadge v. Talmadge,* 241 Ga. 609 (2) (247 SE2d 61) (1978) and *Stokes v. Stokes,* 246 Ga. 765 (3) (273 SE2d 169) (1980).

Code Ann. § 108-116 provides: "As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted."

Code Ann. § 108-106 provides: "Trusts are implied — 1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another . . . 3. Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest."

*Adderholt,* supra, at p. 630, after a reasoned discussion of earlier authorities, held as follows: "It becomes necessary to decide whether direct evidence denying the making of a gift is sufficient to create a resulting trust, *Ward v. Ward,* [186 Ga. 887 (199 SE 195) (1938)] supra, and cases following it, or whether evidence showing an agreement to create a trust is necessary to create such a trust, *Kimbrough v. Kimbrough,* [99 Ga. 134 (25 SE 176) (1896)] supra, and cases following it.

"We find the better reasoned authority to be stated in both the oldest and most recent cases, *Kimbrough* [supra] and *Scales [v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975)] supra. The other line of cases, *Ward v. Ward,* and its progeny, will not be followed. It therefore follows that there was no evidence to establish a resulting trust and the trial court erred in denying the motion for directed verdict."

*Talmadge,* supra, at p. 610, held: "The former husband's evidence thus tended to establish a course of conduct regarding business transactions occurring between him and his former wife from which a jury would be entitled to conclude that the *intention of the parties* at the time of the subject transaction was to establish a resulting trust for him, rather than a gift for her . . . See also *Adderholt v. Adderholt,* 240 Ga. 626, 629 (242 SE2d 11) (1978) . . . for the rule that the understanding or agreement of the parties at the time of the transaction may be shown by 'the conduct of the parties.'"

(Emphasis supplied.)

Viewing *Adderholt, Talmadge,* and the cited Code sections as a whole, we draw this principle: circumstances may be offered as evidence of an intention (whether or not expressly articulated by each party) that title shall vest in one and beneficial ownership in the other. The scope of such evidence includes all of the facts and circumstances surrounding the transaction. The ultimate inquiry is whether there was, in truth, a mutual understanding, *not* whether such an understanding was expressed in plain and unambiguous terms.

We think that the evidence in this case creates a genuine issue of fact as to the existence *vel non* of such an understanding between the parties. Any evidence which might cast light upon this issue should be admitted to aid the jury in its factual determination. " 'In a controversy between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant.' *Merchants Nat. Bank of Rome v. Greenwood,* 113 Ga. 306 (38 SE 826) [1901]." *Dennis v. Dennis,* 227 Ga. 164, 166 (3b) (179 SE2d 238) (1971). Here, however, the husband maintained that his practice with a former wife relative to legal and beneficial ownership was understood by his present wife, and that the practice was continued *with her consent.* Hence, evidence of a similar arrangement in a former marriage was relevant to illuminate the nature of transactions growing out of this marriage, and the trial court erred in excluding it.

It should be noted that while *Stokes v. Stokes,* supra, declares the principle of equitable division, it does not supplant the implied trust doctrine.

While the issue of property division is one to be determined by the jury, it is important that a jury establish just who owned what before it undertakes such a division.

Finally, hidden beneficial ownership can be pernicious, and often used to evade or avoid just obligations, creating uncertainty and prolonged litigation (such as this very case). Observers might justifiably view with suspicion the veracity of one who says, "My hand and seal solemnly attest it, but that is not at all the way it was!" Nonetheless, the Code sections we have cited appear to sanction hidden trusts, and we must be guided by the law as given by the General Assembly.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 10, 1982.

*Louis F. McDonald,* for appellant.
*Martin L. Fierman,* for appellee.