## 41299. CARDEN v. CARDEN.
(322 SE2d 226)

WELTNER, Justice.

The question in these divorce proceedings is whether the trial court should have granted the former wife's motion for judgment notwithstanding the verdict upon the ground that the former husband was estopped to claim a resulting trust in property which he conveyed to her during the existence of the marriage.

Carden sought to aid his son in establishing a business. He co-signed his son's note, the business failed, and the creditor demanded payment. Carden first attempted to assert that the creditor had agreed not to enforce the note against him in the event of default, but to look solely to the business inventory, although the obligation to pay was unqualified.[1] Failing in that, Carden transferred his real property to Mrs. Carden, thereby denuding himself of record title. Having done so, he then undertook to persuade his creditor, again, to accept the business inventory in satisfaction of the note, arguing that he had no assets from which any judgment could be satisfied, and that the creditor should, by virtue of his reduced financial circumstances, accept the business inventory.

The record is devoid of any suggestion that the transfer was effected for any other purpose. Indeed, the reason for the transfer is undisputed.

After this effort, the debt was paid in full by Carden, without suit having been filed.

Carden insisted that the transfer created a resulting trust in his favor, and the jury agreed with him. Mrs. Carden insisted that the transfer was fraudulent (being made with the sole purpose of hindering, or delaying, or defrauding Carden's creditor) and that Carden should not be permitted to claim a resulting trust.

1. It is settled that our decision in *Stokes v. Stokes*, 246 Ga. 765 (3) (273 SE2d 169) (1980), did not supplant the law of resulting trusts, as established by the General Assembly. See the discussion in *Harrell v. Harrell*, 249 Ga. 170, 172 (290 SE2d 906) (1982) — that case standing for the proposition that the existence *vel non* of such a trust must turn upon whether or not there was, in fact, an understanding of such as between the parties, and that this may be established, as other *probata*, by circumstantial evidence. 249 Ga. at 172.

2. Whether or not any transfer is fraudulent is a question of fact, and, given the existence of a genuine issue of material fact, must be

---

[1] That position is clearly untenable. " 'Evidence that at the time the maker signed the note it was distinctly understood that the maker would not have to pay the note is not permitted to compete with the written contents of the note which fails to contain the alleged stipulations.' " *Weintraub v. Cobb Bank &c. Co.*, 249 Ga. 148, 149 (288 SE2d 553) (1982).

resolved by a jury. *Goodman v. Lewis*, 247 Ga. 605 (2) (277 SE2d 908) (1981). There we observed: "The jury was also authorized to find that these conveyances were not made with the intent to delay or defraud creditors. Accordingly, the trial judge did not err in overruling the appellant's motion for directed verdict. 247 Ga. at 606. A similar *factual* issue appears in *Talmadge v. Talmadge*, 241 Ga. 609 (247 SE2d 61) (1978). "The evidence does not demand a verdict of illegal tax evasion as distinguished from legal tax avoidance by the husband. . . . Accordingly, it was not error for the trial court to submit the issue of 'unclean hands' to the jury for special verdict." 241 Ga. at 611.

These cases are to be distinguished, however, from the case before us because, in both of them, there existed a genuine issue of material fact as to the question of fraudulent intent.

Further, the fact that Carden paid the entire note to the creditor, without the necessity for suit, is of no value to him, as the critical inquiry is his *intent at the time of transfer.* OCGA § 18-2-22 provides: "The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void . . . (2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party. . . ." Manifestly, intent cannot be judged fraudulent by examining whether it has succeeded in delaying or defrauding a creditor.

The record establishes clearly that, when Carden discovered that personal demand would be made upon him, he went to see his lawyer and discussed the situation with him, and that his lawyer thereafter prepared a deed for the conveyance of the property to the wife. "Was your wife aware of this particular situation? Yes, sir . . . Did you discuss the situation that you may lose your property and house? Yes, sir . . . And, sometime during that period of time, Mr. Thigpen prepared a deed, did he not? Yes, sir."

Carden's transfer comes plainly within the ambit of *Whitley v. Whitley*, 220 Ga. 471 (139 SE2d 381) (1964), *Langan v. Langan*, 224 Ga. 399 (162 SE2d 405) (1968), and *Griggs v. Griggs*, 242 Ga. 96 (249 SE2d 566) (1978).

In each of these cases, there was *no* issue of fact as to the intent and purpose of the transferor, and in each case that intent was fraudulent — either in avoidance of creditors or of taxation. In each case we refused to permit the question of resulting trust to be submitted to the jury. "Equity will not relieve the parties from such sham agreements." 220 Ga. at 474.

In *Langan*, supra, we held: "In fact, the only evidence with respect to the purpose and intent of the defendant in having the house

placed in the plaintiff's name was the testimony of the defendant that: 'Well, I claimed to own that house. I put it in my wife's name to protect her,' plus evidence that at the time the house was purchased the defendant was in debt and that one of the purposes in putting the house in the plaintiff's name was to insure that it would be beyond the reach of the defendant's creditors." 224 Ga. at 402.

Factually, this case is controlled by *Langan, supra,* and the motion for judgment notwithstanding the verdict should have been granted.

*Judgment reversed. All the Justices concur, except Smith, Gregory and Bell, JJ., who dissent.*

DECIDED OCTOBER 11, 1984 —
REHEARING DENIED NOVEMBER 16, 1984.

*Amanda F. Williams,* for appellant.
*Hopkins & Strickland, C. Deen Strickland, Michael D. DeVane,* for appellee.

GREGORY, Justice, dissenting.

The majority opinion seeks to distinguish this case from *Goodman v. Lewis,* 247 Ga. 605 (277 SE2d 908) (1981) where we said, "[i]t is well established that whether a deed was made with the intent to delay or defraud creditors is a question of fact for the jury to decide from all the circumstances of the case. [Cits.]" The basis for this distinction is the majority's conclusion that this record is devoid of any suggestion that the transfer here was made for any reason other than to delay or defraud appellee's creditors. With this I cannot agree and must, therefore, respectfully dissent.

The record before us contains evidence from which the jury was authorized to find that appellee's son from a prior marriage bought a jewelry business from Crawford, giving Crawford a promissory note which was co-signed by appellee and secured by inventory. At the time appellee co-signed the promissory note, Crawford orally promised him that in the event the business failed he [Crawford] would try to satisfy the debt from the inventory prior to seeking to enforce the note against appellee. The business failed and appellee attempted to get Crawford to honor his promise by accepting the inventory in satisfaction of the debt but Crawford refused. On the advice of counsel, appellee transferred all of his real property including that upon which his business offices stood to appellant to force Crawford to honor his promise. (The record is silent as to whether or not this transfer rendered appellee insolvent.) The evidence is undisputed that even though the appellee transferred his real estate, appellee paid the debt in full to Crawford without a suit ever having been filed. Appellee did

not defraud anyone. This is at least circumstantial evidence that appellee never intended to delay or defraud his creditors. This evidence was properly submitted to the jury which determined the transfer was not made with the intent to delay or defraud creditors. Since the jury was authorized to find as it did, the trial court was correct in denying appellant's motion for judgment notwithstanding the verdict.