## 44019. McARTHUR v. McARTHUR.
(353 SE2d 486)

HUNT, Justice.

We granted this application for discretionary appeal to consider whether interspousal gifts of property acquired during the marriage are subject to claims for equitable division of property. In the trial court, the wife moved for a directed verdict as to the husband's claim for a share of the marital home. She contended the home was a gift from her husband, was thus her separate property, and not subject to equitable division. She appeals the denial of her motion and we affirm.

The parties were married in 1952 and purchased the house in question with joint funds in 1963. At the time of the purchase, the house was titled in the husband's name. In 1973, he deeded the house to his wife and the house remained titled in her name. The husband made the house payments until spring 1982, when the couple separated. Thereafter, the wife made the house payments. The husband filed a complaint for divorce seeking an equitable division of the parties' marital property. The main issue at trial was the parties' respective interests in the house. The trial court held that interspousal gifts remained marital property and charged the jury on the definition of separate property as follows: "Property acquired either before or during the marriage by *gift by a non-spouse,* devise, inheritance or bequest." (Emphasis supplied.) The jury awarded the husband a 35% interest in the house.

The wife contends the house was a gift from her husband made

on her request. The husband argues that the transfer of title was not intended as a gift nor did he intend to dispose of his own equitable interest in the house. Nonetheless, for the purpose of this opinion, we will assume there was a valid interspousal gift of the house to the wife.

In *Stokes v. Stokes*, 246 Ga. 765, 771 (273 SE2d 169) (1980), we stated that "this court has approved the award to a spouse, either husband or wife, of property, both real and personal, held in the name of the other spouse, not as alimony but as equitable division of property." The concurring opinion in *Stokes* distinguished between separate and marital property, and in subsequent cases we have made clear that the former is not subject to equitable division under OCGA § 19-3-9, while the latter is. *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982). See *Courtney v. Courtney*, 256 Ga. 97, 98 (2) (344 SE2d 421) (1986). We have defined marital property as that property "acquired as a direct result of the labor and investments of the [parties] during the course of the marriage . . ." *White v. White*, 253 Ga. 267, 269 (319 SE2d 447) (1984). *Bailey* involved a gift from a third party and stands for the proposition that "property acquired during the marriage by either party by gift, inheritance, bequest or devise remains the separate property of the party that acquired it, and is not subject to equitable division." The controlling issue in this case, whether interspousal gifts are included within the definition of separate property to be excluded from equitable division, has not previously been decided in this state.[1]

The husband cites to us the case of *Hemily v. Hemily*, 403 A2d 1139 (D.C.C.A. 1979) which we find to be persuasive on this question. In that case, the wife made the same argument made by the wife in this case as to certain residential property acquired by gift from the husband during the marriage.[2] There, the Court of Appeals for the District of Columbia held that "[i]f the property initially was acquired as 'marital property' . . . during the course of the marriage it will remain so for the purposes of [equitable division], notwithstanding any subsequent interchange between the two spouses." Id. at 1143.[3] Of course, in determining the manner in which marital prop-

---

[1] *Kimbrough v. Kimbrough*, 99 Ga. 134 (25 SE 176) (1896), cited by the wife, is not applicable here. Although the wife claimed she owned the house because the husband had given it to her, that case did not involve a question of whether the property was subject to equitable division in a divorce action, but concerned the wife's interest in the house for purposes of her ability to bring a dispossessory action against the husband.

[2] The statute under consideration in *Hemily*, D.C. Code § 16-910 (b) excludes from marital property subject to equitable division "property acquired during the marriage by gift, bequest, devise, or descent."

[3] As noted by the court in *Hemily*, this holding is supported by the Uniform Marriage and Divorce Act (1973 version) upon which the applicable D.C. statute regarding equitable division of property is based. UMDA, advocated by the National Conference of Commission-

erty is to be equitably divided, the fact-finder is authorized to exercise its discretion after considering all the relevant factors, including each party's contribution to the acquisition and maintenance of the property (which would include monetary contributions and contributions of a spouse as a homemaker), as well as the purpose and intent of the parties regarding the ownership of the property. *Hemily*, supra at 1143-1144; *Stokes*, supra at 772 (Hill, J., concurring); *Rooks v. Rooks*, 252 Ga. 11, 12 (311 SE2d 169) (1984); *Courtney v. Courtney*, supra at 99. See also § 307 (Alternative B), Uniform Marriage and Divorce Act, Uniform Laws Annotated (1979 Supp.); Suggested Pattern Jury Instruction XIII, 9, Volume 1, Suggested Pattern Jury Instructions (1984) at p. 134.

Here, there is no question that the house initially was acquired as marital property and the trial court did not err by denying the wife's motion for directed verdict, by charging the jury, under the facts of this case, that gifts, for purposes of determining the parties' separate property, consist of gifts from a non-spouse before or during the marriage, nor by entering judgment on the jury's verdict awarding to the husband a 35% interest in the house.

*Judgment affirmed. All the Justices concur, except Marshall, C. J., who dissents, and Weltner, J., not participating.*

DECIDED MARCH 11, 1987.

*Alembik, Fine & Callner, Bruce W. Callner, Kathy L. Portnoy,* for appellant.

---

ers on Uniform State Laws, sets forth two alternatives regarding the equitable division of marital property. Section 307 [Dispositon of Property], UMDA. As stated by the Commissioners in their comments to Section 307: "Alternative A, which is the alternative recommended generally for adoption, proceeds upon the principle that all the property of the spouses, however acquired, should be regarded as assets of the married couple, available for distribution among them . . ." Alternative B of Section 307 of the UMDA regarding disposition of property adheres to the distinction between community property and separate property, providing for the distribution only of community property. Alternative B does not specifically refer to gifts as separate property nor does it define what is a gift for purposes of equitable division of property.

Other jurisdictions confronted with the issue before us have construed "gifts," for purposes of the equitable division of property in a divorce action, in several ways. Some courts, like the court in *Hemily*, look to the source of the money with which the "gift" was purchased. Thus, if a gift from one spouse to another was purchased with marital funds, the "gift" remains marital property, subject to equitable division. *O'Neill v. O'Neill*, 600 SW2d 493 (Ky.Ct.App. 1980). Other courts look to the intent of the donor spouse and have held an interspousal gift to be the donee's separate property where the sole use and possession was intended to be in the donee. See *Semasek v. Semasek*, 502 A2d 109 (Pa.Sup.Ct. 1985). Still other courts have held that there is a presumption that interspousal gifts are marital property but that that presumption may be rebutted if there is clear and convincing evidence that the property was intended as a gift. See, e.g., *McDowell v. McDowell*, 670 SW2d 518 (Mo.Ct.App. 1984); *In re Marriage of Severns*, 416 NE2d 1235 (93 Ill. App. 3d 122) (1981).