### 43597. SPARKS v. SPARKS.
(353 SE2d 508)

BELL, Justice.

This granted discretionary appeal concerns the issue of whether the former husband is barred from seeking an equitable division of the parties' marital residence, which was acquired during the marriage, because he transferred title to the wife for the purpose of shielding the home from a potential judgment creditor.

The parties, John and Nancy Sparks, were married in 1973 and purchased the marital residence in 1974. At the time of the purchase the house was titled in John's name. In 1982 John transferred title to the house to Nancy for the purpose stated above. At the parties' divorce trial Nancy contended that the house was an interspousal gift and was not subject to equitable division. John contended that he did not intend for the house to be a gift and instead insisted that the transfer created a resulting trust in his favor. The trial court charged the jury that if it concluded that John had made a gift of the house, then the house was to be considered the separate property of Nancy. It also charged that if the jury found that the parties did not intend for the house to be a gift, then the house would be subject to equitable division.

The jury found that there was not a valid gift of the house from John to Nancy, and in equitably dividing the residence the jury awarded John a 66 and ⅔ percent interest. Nancy subsequently filed a motion for new trial, making a twofold argument based on *Carden v. Carden*, 253 Ga. 546 (322 SE2d 226) (1984). She first asserted that under *Carden* John was barred from claiming a resulting trust in the residence, and that title to the residence therefore vested in her, rendering it her separate property. She also argued that under the equitable unclean-hands maxim John was barred from seeking an equitable division of the house because of the fraudulent nature of the transfer to her. The trial court agreed with Nancy's first argument and granted her motion for new trial. On appeal we are concerned with the propriety of the grant of a new trial.

1. We begin with an examination of Nancy's assertion that under *Carden* John was barred from claiming a resulting trust in the residence, and that title to the residence therefore vested in her, rendering it her separate property. Assuming without deciding that John's intent in transferring the residence was fraudulent, we agree that he was barred from seeking the imposition of a resulting trust, but we disagree that the property became Nancy's separate property. In

*Carden* we held that the former husband was barred from claiming a resulting trust in property which he fraudulently transferred to his former wife during the existence of the marriage, because he had unclean hands and could not seek the aid of equity to obtain relief from the transaction. *Carden*, supra, 253 Ga. at 547-548. Because of that holding, title to the transferred property remained in the former wife. Significantly, *Carden* did not concern the issue whether such property became the separate property of the former wife or was instead to be considered marital property subject to equitable distribution.

That question, however, is answered by our recent decision in *McArthur v. McArthur*, 256 Ga. 762 (353 SE2d 486) (1987), in which we held that property initially acquired as marital property was subject to equitable division despite a subsequent interspousal gift of the property placing title in the former wife. We noted that "in determining the manner in which marital property is to be equitably divided, the fact-finder is authorized to exercise its discretion after considering all the relevant factors, including each party's contribution to the acquisition and maintenance of the property (which would include monetary contributions and contributions of a spouse as a homemaker), as well as the purpose and intent of the parties regarding the ownership of the property." *McArthur*, supra at 763.

Applying *McArthur* to the instant case, it is clear that the parties' residence constitutes marital property for purposes of equitable division, despite the subsequent interspousal transfer, since the parties initially acquired the property as marital property.

2. Having determined that the parties' residence was marital property, we must now address Nancy's argument that the equitable principle of unclean hands, which we have held bars John from claiming a resulting trust in the residence, also bars him from asserting a claim for equitable division of the residence. We find that it does not. The unclean-hands doctrine does not bar a litigant from seeking equitable relief unless the misconduct relates directly to the transaction concerning which relief is sought. *Morton v. Gardner*, 242 Ga. 852, 855 (252 SE2d 413) (1979); *Atlanta Assn. of Fire Ins. Agents v. McDonald*, 181 Ga. 105 (2) (181 SE 822) (1935). John is thus barred from seeking a resulting trust in the residence, because his misconduct of fraudulently transferring the house to Nancy relates directly to the transaction from which he seeks relief — the transfer of the house placing title in Nancy. However, John's misconduct in transferring the residence does not relate directly to his claim for an equitable division of the residence. That claim is based not on the circumstances surrounding the transfer, but on the fact that the property was acquired during the parties' marriage, through their labor and investments, thereby giving each party an equitable interest therein. See *McArthur*, supra at 763; *White v. White*, 253 Ga. 267, 269 (319

SE2d 447) (1984).

Based on the foregoing we conclude that the issue of the equitable division of the parties' residence was properly submitted to the jury. Accordingly, the trial court should not have granted Nancy's motion for a new trial.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED MARCH 12, 1987.

*Roach, Hasty & Geiger, William G. Hasty, Sam P. Burtz,* for appellant.

*Martin B. Findley,* for appellee.