## 45183. SNELL v. SNELL.
### (369 SE2d 744)

BELL, Justice.

In this case the appellee, C. A. Snell, sued his brother, appellant Emory Snell, to enjoin the foreclosure of certain property under a security deed that C. A. had executed in favor of Emory. C. A. also sought to cancel the security deed. The jury returned a verdict in favor of C. A., and the trial court, accordingly, entered a judgment enjoining the foreclosure and cancelling the security deed. Emory appeals. We reverse.

At trial C. A. testified that he executed the security deed to protect the property from his wife during divorce proceedings. In light of this testimony, Emory requested a charge on the equitable doctrine of unclean hands. See *Williams v. Williams*, 255 Ga. 264 (336 SE2d 244) (1985); *Carden v. Carden*, 253 Ga. 546 (2) (322 SE2d 226) (1984). The trial court, however, did not charge on the doctrine. Moreover, when the court asked for objections to the charge, Emory objected to the court's failure to charge the jury on this doctrine.

Because the doctrine of unclean hands is adjusted to the evidence in this case, the trial court erred in failing to charge the jury thereon. See *Williams*, supra, 255 Ga.; *Carden*, supra, 253 Ga.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 6, 1988.

*Jones, Jones & Hilburn, Eric L. Jones,* for appellant.
*Stanley Smith,* for appellee.