S89A0300, S89X0301. PAGE v. WHEALE; and vice versa.
(385 SE2d 402)

WELTNER, Justice.

Jessie Page and the late Bernice Wheale were sisters, and were tenants in common of real property that was their dwelling place. Bernice Wheale was survived by her husband, David Wheale, who, as her sole heir, inherited her one-half interest in the property. In 1984, Wheale delivered two quit-claim deeds conveying the property to Page. That same year, the property was sold to a third person and the proceeds were paid to Page.

In 1986, Wheale sought to recover one-half of these proceeds from Page, claiming that his deeds were given solely to facilitate the sale of the property. A jury found an implied trust in favor of Wheale with respect to one-half of the proceeds, and the trial court entered judgment accordingly. Page appeals. Wheale also appeals that part of the judgment denying his request for attorney fees.

1. This case is controlled by *Harrell v. Harrell,* 249 Ga. 170 (290 SE2d 906) (1982). There we considered the import as to implied trusts of OCGA § 53-12-26, along with several of our cases, e.g., *Adderholt v. Adderholt,* 240 Ga. 626 (2) (242 SE2d 11) (1978); *Talmadge v. Talmadge,* 241 Ga. 609 (2) (247 SE2d 61) (1978); and *Kimbrough v. Kimbrough,* 99 Ga. 134 (25 SE 176) (1896), and concluded:

> Viewing *Adderholt, Talmadge,* and the cited Code sections as a whole, we draw this principle: circumstances may be offered as evidence of an intention (whether or not expressly articulated by each party) that title shall vest in one and beneficial ownership in the other. The scope of such evidence includes all of the facts and circumstances surrounding the transaction. The ultimate inquiry is whether there was, in truth, a mutual understanding, *not* whether such an understanding was expressed in plain and unambiguous terms. [249 Ga. at 172.]

2. Because this is a case in equity, the trial court had the authority to find the facts without the intervention of a jury. Nonetheless, after giving instructions,[1] the trial judge submitted the case to a jury upon the following interrogatory:

> By virtue of Mr. David C. Wheale, Jr.'s signing and delivering plaintiff's Exhibit 5 and defendant's Exhibit 2, he transferred legal title in the house at 6235 Peachtree Dunwoody Road to the defendant Mrs. Jessie M. Page. Considering all of the circumstances that would aid you in making a determination, has Mr. Wheale proven that he did not transfer to her at that time all of his beneficial interest in that property?

3. (a) While this interrogatory posed to the jury the ultimate *legal* issue of the case, it failed to focus on the *factual* predicate to that issue, i.e., whether there was a *mutual* agreement between Wheale and Page that Wheale was to retain a beneficial interest in the property.

(b) Nor did the charge inform the jury that, in a claim of implied trust, "[t]he ultimate inquiry is whether there was, in truth, a mutual understanding. . . ." (249 Ga. at 172.)

(c) Hence, the jury was called upon to decide the ultimate legal issue of the case without adequate guidance as to the essential factual element upon which that issue must be grounded. That circumstance entitles Page to a new trial.

4. As to Wheale's cross-appeal:

(a) We affirm the trial court's denial of Wheale's request for attorney fees, there being no abuse of discretion.

---

[1] The charge contained the following instructions:

"I charge you under the law that an implied trust arises by implication of law in the conduct of the parties. For your information, the law of Georgia provides that a trust is implied whenever the legal title is in one person, but the beneficial interest either from the payment of the purchase money or from other circumstances is either wholly or partially in another person.

I charge you members of this jury, that in a lawsuit seeking to establish an implied trust, you are authorized and entitled to consider all of the evidence in the case relating to the nature and circumstances of the transaction and declarations of the parties.

I charge you that an implied trust reflecting the true intention of the parties may be established by parole evidence . . . .

I charge you that to constitute a valid gift, the law provides that there shall be the intention to give by the donor, who is the person doing the giving, and acceptance by the donee, the person receiving the gift; and delivery of the article given or some act accepted by the law in place of delivery. . . .

I charge you that a person is not entitled to assert a claim to property if he makes a gift of that property with the hope or belief that the person to whom he gives the gift will share with him the enjoyment of that property."

(b) Wheale's contentions as to Page's fiduciary obligation fail to state an actionable claim relative to the property transfer, and the trial court's refusal to consider this issue was not error.

*Judgment reversed in Case No. S89A0300, and affirmed in Case No. S89X0301. All the Justices concur.*

DECIDED NOVEMBER 9, 1989 —
RECONSIDERATION DENIED NOVEMBER 29, 1989.

*Smith, Gambrell & Russell, Harold L. Russell, Edward H. Wasmuth, Jr.,* for appellant.

*Hartley, Rowe & Fowler, Joseph H. Fowler, Celia M. Hinson,* for appellee.