## S04A0786. BURNETT v. HOLROYD et al.
(604 SE2d 137)

</div>

BENHAM, Justice.

A year after his estranged wife[1] died leaving all her real and personal property to her children from a previous marriage, appellant Thomas L. Burnett, Sr., filed a petition to quiet title to four

---

[1] Mr. Burnett had filed a petition for divorce in March 1999 and he and Mrs. Burnett were living in a bona fide state of separation at the time of her death in June 1999.

parcels of land in Jackson County, Georgia, seeking to have the trial court exercise its equitable jurisdiction and impose an implied trust on the tracts. Mr. Burnett and his late wife were the title holders in deeds to three of the parcels (95 acres, 14 acres, and 152 acres), and Mrs. Burnett was the title holder in the deed to the fourth (20 acres). Appellees, the executrix and beneficiaries of Mrs. Burnett's will, asserted Mrs. Burnett had an undivided one-half interest in the 95-acre, the 14-acre, and the 152-acre parcels, and was the sole owner of the 20-acre parcel. The trial court entered judgment on a jury verdict in favor of Mr. Burnett as to the 152-acre parcel and in favor of Mrs. Burnett's beneficiaries with regard to the 95-acre and 14-acre parcels.[2] The beneficiaries filed a timely motion for new trial/judgment notwithstanding the verdict contending, among other things, that appellant's claim to fee simple ownership of the 152-acre farm by means of the equitable remedy of imposition of an implied trust was barred by appellant's unclean hands. In May 2003, the trial court granted the j.n.o.v., and Mr. Burnett filed this timely appeal.

Mr. Burnett brought the 152-acre farm to his 1985 marriage to Mrs. Burnett. In 1992, he deeded an undivided one-half interest to Mrs. Burnett for $10 "and other valuable considerations." He testified he did so in order to obtain a title insurance policy on the 95-acre parcel the Burnetts were purchasing with financing secured by the 152-acre farm. The title insurance policy was required in order to obtain the financing. On cross-examination, Mr. Burnett acknowledged that, upon attaining the age of 62, he had put the egg-producing business he and his wife ran on the 152-acre farm in his wife's name to obtain tax benefits and to avoid the loss of his General Motors' pension benefits that additional income in his name would have precipitated. Appellees presented federal income tax returns from 1995-1998 which reflected that the couple filed a joint tax return with Mrs. Burnett, as proprietor of the egg business, filing a tax schedule on which she deducted as a business expense the mortgage interest paid on a loan secured by the 152-acre farm.

In granting the j.n.o.v., the trial court found Mr. Burnett reported the farm as belonging to his wife in order to reduce income tax liability and to continue to receive his retirement pension. Recognizing that it is permissible for one spouse to deed property to the other spouse to minimize or eliminate tax liability, but it is improper for the parties to agree that notwithstanding the deed and claimed tax reduction, the grantee holds the property in trust for the grantor, the

---

[2] The trial court dismissed the quia timet action as to the 20-acre parcel since Mr. Burnett had not been able to assert a claim of current record title or current prescriptive title. See *In re Rivermist Homeowners Assn.*, 244 Ga. 515, 518 (260 SE2d 897) (1979). This ruling has not been appealed.

trial court determined Mr. Burnett had come into court with unclean hands and could not now claim the undivided one-half interest deeded to his late wife was held by her as a resulting trust for his benefit. *Griggs v. Griggs*, 242 Ga. 96 (249 SE2d 566) (1978). We agree with the trial court's grant of j.n.o.v. with regard to the 152-acre parcel, albeit for a different reason, and affirm the judgment issued by the trial court.

After reviewing the trial transcript, we conclude Mr. Burnett did not present proof of the existence of an implied trust. An implied trust is statutorily defined as "a trust in which the settlor's intention to create the trust is implied from the circumstances, and which meets the requirements of Code Sections 53-12-90 through 53-12-93." OCGA § 53-12-2 (3). "An implied trust is either a resulting trust or a constructive trust." OCGA § 53-12-90.

> A resulting trust is a trust implied for the benefit of the settlor . . . when it is determined that the settlor did not intend that the holder of the legal title to the trust property also should have the beneficial interest in the property, under any of the following circumstances: (1) A trust is created but fails, in whole or in part, for any reason; (2) A trust is fully performed without exhausting all the trust property; or (3) A purchase money resulting trust as defined in subsection (a) of Code Section 53-12-92 is established.

OCGA § 53-12-91. "A purchase money resulting trust is a resulting trust implied for the benefit of the person paying consideration for the transfer to another person of legal title to real or personal property." OCGA § 53-12-92 (a). "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-93 (a).

Mr. Burnett, the settlor, met the first criterion of an implied resulting trust when he testified he did not intend for his wife, the holder of the legal title to the contested undivided one-half interest, to also have the beneficial interest in the property; however, he did not establish the existence of any of the three statutorily-required circumstances: there is no evidence of the creation of an express trust, or a trust that has fully performed without exhausting all the trust property, or a purchase-money resulting trust, i.e., that Mr. Burnett paid consideration for legal title of the undivided one-half interest to be transferred from him to his wife. See *Edwards v. Edwards*, 267 Ga. 780 (1) (482 SE2d 701) (1997). The question of the existence of an implied constructive trust was not submitted to the jury.

In the absence of the statutory criteria necessary to establish an implied resulting trust, the trial court did not err when it granted j.n.o.v. to appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Harvey & McCormack, Thomas E. McCormack*, for appellant.

*Sexton & Sexton, James D. Sexton, Randall S. Rolader*, for appellees.