### CRONIC v. SMITH.

LUMPKIN, J.—An executed contract, such as an absolute conveyance purporting on its face to be a deed for the sale of land, though in fact a "mere sham" and made for the purpose of delaying or defrauding a creditor, is binding upon the maker and he is estopped from impeaching it; but a bond for titles by the vendee in such deed, to reconvey to the vendor, being an executory contract, may, if directly connected with the fraudulent purpose for which the deed was made, be impeached by the vendee when sought to be enforced by the vendor. *Parrott* v. *Baker*, 82 *Ga.* 364, and cases cited. Hence, a husband who, in order to delay or defeat the collection of a claim for alimony or other lawful demand against him, conveyed land to another person and put that person in possession, could not maintain against the latter an action for the breach of a bond given by him to reconvey the land whenever so required. This is so, not because the law is disposed to aid one of the wrong-doers in retaining the fruits of the unlawful transaction, but because it denies the benefit of its remedies to the other.

July 29, 1895.                    *Judgment affirmed.*

Action on bond.    Before Judge HUTCHINS.    Jackson superior court.    August term, 1896.

The plaintiff, apprehending a separation from his wife and consequent proceedings for alimony, etc., conveyed by deed to his son-in-law, the defendant, 100 acres of land worth six or seven hundred dollars, for the purpose of enabling defendant to bring about a compromise or settlement between plaintiff and his wife; or, as plaintiff said, the deed was a sham, and he wanted defendant to take it to keep plaintiff from being torn up. No money was paid therefor.    Three or four days after-

ward, plaintiff said he wanted some showing from defendant for his land; and thereupon took from defendant a bond for title, reciting the execution and delivery of the deed, and conditioned that defendant should "refund the said deed, relinquishing all his claims to said lands unto" plaintiff, "whenever called on so to do by him." On the trial of .this suit for breach of the bond, plaintiff testified that he did not get the alimony case compromised, and that defendant told him he had borrowed money on the land and had paid therefrom $215 in settlement of two executions against plaintiff in favor of his wife and child. It was contended for plaintiff, that the parties were not *in pari delicto*, that the giving of the bond was no part of the original contract but was a separate and distinct contract made after the other was completed and ended. The jury, under the evidence and charge of the court, found for defendant, and a motion for a new trial was overruled.

W. I. PIKE and C. H. BRAND, for plaintiff.