40973. HOUSING AUTHORITY OF THE CITY OF ATLANTA v. KOLOKURIS (KELLIS) et al.

FRANKUM, Judge. The Housing Authority of the City of Atlanta has abandoned all of the grounds of its motion for a new trial except special ground 3, and the sole question for decision under this ground is stated in the brief of counsel for the Housing Authority of the City of Atlanta as follows: "When inadmissible evidence is interjected into a trial, may the

party who did not object to such evidence explain or rebut the effect of that evidence by using similarly inadmissible evidence?" The answer is, "No." "The admission of illegal testimony on one side will not justify illegal rebutting testimony on the other. 'Two wrongs do not make a right.'" *Woolfolk v. State*, 81 Ga. 551, 558 (8 SE 724); *Candler v. Byfield*, 160 Ga. 732, 739 (129 SE 57). See *Bennett v. State*, 86 Ga. 401, 405 (12 SE 806, 12 LRA 449, 22 ASR 465). "There can be no equation of errors in the trial of a case." *Stapleton v. Monroe*, 111 Ga. 848 (36 SE 428); *Savannah News-Press, Inc. v. Hartridge*, 110 Ga. App. 203, 215 (138 SE2d 173).

In *Caldwell v. State*, 82 Ga. App. 480 (1) (61 SE2d 543), relied upon by plaintiff in error, evidence otherwise admissible was objected to by the defendant on the grounds that the proper foundation had not been laid for its admission. It appeared that the defendant prior thereto had, on cross examination of a State's witness, introduced such evidence into the case. This court held that, under the circumstances, it was not reversible error to permit the State to explain or rebut the evidence introduced by the defendant. In the *Caldwell* case, the ultimate inadmissibility of harmful evidence was not involved but only the preliminary requirements for the introduction of admissible evidence, which requirement the defendant had waived by introducing such evidence himself. The *Caldwell* case is thus distinguishable from the case now before the court.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED JANUARY 5, 1965.

*King & Spalding, William H. Izlar, Jr.,* for plaintiff in error.
*Peek, Whaley & Blackburn, J. Corbett Peek, Jr., Glenville Haldi,* contra.