47967. SMITH et al. v. BRUCE et al.

EBERHARDT, Presiding Judge. This is an action for breach of warranty arising from a sale of broadloom carpeting. The complaint was brought in three counts, the first alleging a breach of express warranty under Code Ann. § 109A-2—313 (UCC § 2-313), the second alleging a breach of implied warranty of merchantability under Code Ann. § 109A-2—314 (UCC § 2-314), and the third alleging a breach of implied warranty of fitness for a particular purpose under Code Ann. § 109A-2—315 (UCC § 2-315).

There was no dispute between the parties at trial that the above warranty provisions of Article 2 of the Uniform Commercial Code, and other provisions relative to them, controlled the case. Plaintiffs submitted eight requests to charge on various sections of Code Ann. Ch. 109A-2 (Art. 2, UCC), and defendants submitted ten similar requests. At the close of plaintiff's evidence defendants moved for a directed verdict. The court granted the motion as to Count 2 of the complaint (implied warranty of merchantability), and during the colloquy the court intimated that only Count 2 was governed by the Commercial Code. During its charge, however, the court instructed on some selected portions and principles of Commercial Code Ch. 109A-2, although in doing so it charged only three of the eighteen requests submitted, many of which were taken directly from Code Ann. §§ 109A-2—313, 109A-2—314, 109A-2—315 and

related sections. Some of the requests were repetitive and redundant, but others were not.

Both plaintiffs and defendants made lengthy exceptions to the charge as given and to the failure to give the charges requested by each side, many of which were basically the same, each side contending that the warranties law of Code Ann. Ch. 109A-2 had not been properly charged. The jury returned a verdict for plaintiffs, and defendants appeal. *Held:*

1. The motion to dismiss the appeal is denied.

2. We must reverse because of the trial court's failure, fully, adequately and correctly, to charge the jury on the principles of warranties as governed by the Uniform Commercial Code, Code Ann. Ch. 109A-2. For example, the court charged that "an express warranty is an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain, and that an express warranty is created by such language stating that the goods shall conform to a certain affirmation or certain promise" (Code Ann. § 109A-2—313 (1) (a)), but failed to charge, upon request and over exception, that portion of § 109A-2—313 (2) providing that "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." This error was quite harmful to defendants as to the express warranty count of the complaint, since the evidence was in sharp conflict as to what statements were made by defendants' agent in selling the carpet and, consequently, whether they could be viewed as entering into the bargain. See Comments 3, 8, Uniform Commercial Code § 2-313 (Official Text, 1962).

Similarly, as to the implied warranty counts, the court failed to charge, upon request and over exception, Code Ann. § 109A-2—316 (3) (a) providing for the exclusion of implied warranties by expressions like "as is," etc. This was harmful to defendants since they insisted their agent sold the carpet "as is, where is." See Comments 5-7, Uniform Commercial Code § 2-316 (Official Text, 1962); *Claxton v. Pullman, Inc.,* 116 Ga. App. 416, 418 (157 SE2d 642). There are other omissions and inaccuracies in the charge, and upon another trial it should be totally overhauled with resort being had to the applicable Code sections relating to warranties, the comments to those sections in the 1962 Official Text, and relevant authorities.

While plaintiffs contend that they were wronged by the charge just

as much as defendants, in our view this does not prevent reversal as we do not regard a fair trial as being one where all parties are equally wronged by erroneous instructions to the jury. There can be no balancing of errors. Two wrongs cannot make right (Injuria non excusat injuriam). *Bennett v. State,* 86 Ga. 401, 405 (12 SE 806, 12 LRA 449, 22 ASR 465); *Woolfolk v. State,* 81 Ga. 551 (3a) (8 SE 724); *Georgia Power Co. v. Puckett,* 181 Ga. 386, 393 (182 SE 384).

The court is not obliged to charge repetitive or redundant requests. A correct charge on the subject-matter once given is sufficient. There is no cross appeal from the direction of the verdict as to Count 2, and the judgment as to it stands.

*Judgment reversed. Pannell and Stolz, JJ., concur.*

ARGUED MARCH 7, 1973 — DECIDED APRIL 27, 1973 — REHEARING DENIED MAY 15, 1973 —

*Langford & Pope, Robert Thomas Pope,* for appellants.
*Chance & Maddox, R. F. Chance,* for appellees.