JACQUELINE B. SIMMONS v. QUICK STOP FOOD MART, INC.

No. 144PA82

(Filed 3 November 1982)

1. **Partnership § 2— conveyance of property from partner to partnership—partnership property held in names of partners**

    A conveyance of property by one of the partners of a partnership, Wood, to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership," resulted in the property being held as partnership property in the names of Johnny L. Wood and Oscar Harold Simmons. The property was not held in the partnership's name. G.S. § 59-38(a) and G.S. 59-40.

2. **Partnership § 2— conveyance of partnership property by one partner—view towards dissolution of partnership—partnership bound by conveyance**

    Where a tract of land was held in the name of "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership," when Johnny L. Wood signed the deed conveying one-half interest in the land to Simmons *and* a stranger, Simmons' wife, he was acting as an agent of the partnership, conveying partnership property. G.S. § 59-34(c). Simmons, as the only other partner of the partnership, impliedly authorized and ratified the conveyance by his acceptance of the deed, and the partnership was bound by Wood's conveyance of partnership property to Simmons and his wife. G.S. 59-37(b) and G.S. 59-34(c). When Simmons, pursuant to a separation agreement, conveyed the tract of land completely to his wife, he conveyed his personally owned interest in the property and he also transferred to plaintiff the other half-interest as a partner conveying the partnership's remaining half-interest in the property. G.S. 59-65(a)(1) and G.S. 59-39(b). Mrs. Simmons then owned both of the one-half interests in the property, and she held fee simple title. G.S. 59-40(e).

3. **Registration § 4— recordation of deed prior to recordation of options to renew lease—priority of deed**

    Where plaintiff recorded her deed to a piece of property on 5 November 1979, and defendant recorded its options to renew a lease on the property on 26 November 1980, because defendant's lease was not recorded prior to the

date on which plaintiff recorded her deed, plaintiff did not take the deed subject to the lease. G.S. 47-18(a).

ON discretionary review of the decision of the Court of Appeals, 56 N.C. App. 105, 286 S.E. 2d 807 (1982), affirming summary judgment for defendant entered by *Cherry, J.*, at the 23 February 1981 Session of District Court, CUMBERLAND County.

In this action for summary ejectment, defendant is in possession of land and a building under a ten-year lease, dated 28 May 1970, which was executed by a predecessor in title of the plaintiff. All deeds in plaintiff's chain of title were recorded before 26 November 1980, the date defendant first recorded two options to renew the lease. The lease itself was never recorded. Plaintiff claims that as a bona fide purchaser for valuable consideration of the property, she is entitled to priority of possession as against a lessee claiming under the later recorded options. Defendant contends that because of certain conveyances by the initial grantors of the lease, plaintiff's title to the property at issue is defective and that the recordation of the options after plaintiff allegedly acquired fee simple title gives defendant priority as to possession of the property.

In chronological order, the relevant events and transactions in this case are as follows:

21 May 1970. Johnny L. Wood ("Wood") and Oscar Harold Simmons ("Simmons") executed a partnership agreement creating a partnership known as "Wood and Simmons Investments." This agreement was never recorded.

21 May 1970. Wood conveyed the property to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership." This was recorded on 25 May 1970.

28 May 1970. The lease to the defendant corporation, through which it claims priority as to possession, was executed by Wood and by Simmons. The grantor in the lease was set forth as "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership." It was signed by Wood and Simmons individually. This lease was for ten years with two five-year options to renew. The lease was never recorded, although the two options were recorded 26 November 1980.

30 June 1976. Pursuant to an agreement between Wood and Simmons to dissolve the partnership, "Johnny L. Wood and wife, Zula Wood" conveyed to "Oscar Harold Simmons and wife, Jacqueline B. Simmons" "all of their one-half undivided interest" in the property at issue by warranty deed. This was recorded 16 July 1976.

15 February 1979. Defendant exercised one of its options to renew the lease by mailing notice of renewal to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership." This and the second option were recorded 26 November 1980.

5 November 1979. Simmons and the plaintiff (then his wife) executed a separation agreement which provided that he would convey to her the property and she would convey to him certain other tracts of land.

5 November 1979. Simmons conveyed the property to the plaintiff. This was recorded 5 November 1979.

Plaintiff argues that the conveyance of the property by Wood to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership" conveyed title to Johnny L. Wood and Oscar Harold Simmons individually, as tenants in common. Thus, when Wood and his wife conveyed their one-half undivided interest in the property to Simmons and his wife on 30 June 1976, Simmons and his wife acquired fee simple title to the property. Therefore, when Simmons conveyed title to his wife on 5 November 1979, she became the fee simple owner and, having recorded the deed on 5 November 1979, is now entitled to priority because defendant did not record the lease or its options until 26 November 1980.

Alternatively, plaintiff argues that if the property had been conveyed by Wood to the partnership on 21 May 1970 *and* it was held in the partnership name, plaintiff acquired fee simple title because the conveyance of 30 June 1976 resulted in Simmons owning the entire fee. To support this argument, plaintiff contends that an exception to the general rule of N.C.G.S. 59-55(b)(2), that a partner's interest in specific partnership property is not assignable except in connection with the assignment of all the

partners' rights in it, allows one partner to assign his interest in real property owned by the firm to his sole copartner, thus making the partnership property owned solely by the other partner as an individual. By this route Simmons would have acquired fee simple title on 30 June 1976 and thus conveyed fee simple title to the plaintiff on 5 November 1979.

The defendant appellee argues that the deed of 21 May 1970 conveyed title to the partnership in the partnership name and that since there never has been a conveyance out in the partnership name, title still remains in the partnership name. N.C. Gen. Stat. § 59-38(c) (1975). Although the partnership may have dissolved when Wood withdrew, the partnership never wound up its affairs and thus continued to exist. N.C. Gen. Stat. § 59-60 (1975). Therefore, because the partnership still held title to the property and the partnership never wound up, defendant has priority to possession under the lease.

*J. Gates Harris and Thomas H. Finch, Jr., for plaintiff appellant.*

*Ervin I. Baer and Christopher B. Godwin for defendant appellee.*

MARTIN, Justice.

The first question this Court must decide is whether the Court of Appeals erred in concluding that Wood's conveyance of the property to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership," conveyed title to the partnership in the partnership name. We find that it did so err, and we reverse.

On 21 May 1970, Wood and Oscar Harold Simmons created a partnership by executing a partnership agreement. On the same day Wood conveyed the property at issue in this case to the partnership. As Mr. Simmons stated, "I agreed with Johnny L. Wood to form with him this partnership, to be known as 'Wood and Simmons Investments.' My capital contributions to the partnership were a lot in Bonnie Doone and three mobile homes. Johnny L. Wood's capital contribution was this lot on Highway 87 [the property at issue here]." Testimony by Mr. Wood was also to the effect that the property was conveyed to the partnership and not to

Wood and Simmons as tenants in common. Further, the deed's granting clause provided:

> That said parties of the first part, in consideration of other good and valuable consideration and the sum of Ten --- Dollars to them paid by *party* of the second part the receipt of which is hereby acknowledged have bargained and sold, and by these presents do grant, bargain, sell and convey to said party of the second part, its successors, heirs and assigns, a certain parcel of land . . . [Emphasis ours.]

In addition, the deed's habendum clause provided: "TO HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said *party* of the second part, *its* successors, heirs and assigns, to *its* only use and behoof forever." (Emphases added.) The emphasized language of the habendum clause just quoted indicates that the grantor intended the partnership entity, rather than the partners as individuals, to be the grantee. "All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property." N.C. Gen. Stat. § 59-38(a) (1975).

[1] Under North Carolina's Uniform Partnership Act, title to real property owned by a partnership may be held either in the partnership name or in the name of some or all of the partners. *See* N.C. Gen. Stat. § 59-40 (1975). On the particular facts before us, we hold that Wood's conveyance of 21 May 1970 to "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a Partnership," resulted in the property being held as partnership property in the names of Johnny L. Wood and Oscar Harold Simmons. We note that other partnership property was held in the partnership's name. E.g., a deed to another tract was held in the name of "Wood and Simmons Investments, a partnership," with no mention of Wood and Simmons individually, that deed being recorded in Deed Book 2218, page 589, in the office of the Register of Deeds for Cumberland County. A later deed out of this partnership property listed "Wood and Simmons Investments, a partnership," as grantor, this deed being recorded in Deed Book 2554, page 374. Had Wood and Simmons intended the partnership property at issue to be held in the partnership's name, they would have put it in the partnership's name. In this

case, however, the partnership property was held in the names of the two partners. Thus, the Court of Appeals erred in finding that the partnership property was held in the partnership's name.

[2] We must next determine whether plaintiff's rights in the property are superior to defendant's rights under its lease. A week after the day on which the partnership was created and on which Wood transferred the property at issue to the partnership, the partnership executed a lease of the property to the defendant. The lease, whose grantor was "Johnny L. Wood and Oscar Harold Simmons d/b/a Wood and Simmons Investments, a partnership," was a lease of partnership property to the lessee through Wood and Simmons as agents of the partnership. *Oil Co. v. Furlonge*, 257 N.C. 388, 126 S.E. 2d 167 (1962). Rental payments under the lease were paid to the account of the partnership until the partnership dissolved, and the lessor listed in the granting clause of the lease was identical to the grantee listed in the 21 May 1970 deed to the partnership of the same property. The lease, however, was never recorded.

On 30 June 1976, pursuant to an agreement to dissolve the partnership, Wood and his wife purported to transfer their interest in the partnership property which is the subject of this litigation to Simmons and his wife. Listed as grantors were "Johnny L. Wood and wife, Zula Wood," conveying "[a]ll of their one-half undivided interest" in the real property to "Oscar Harold Simmons and wife, Jacqueline B. Simmons." The effects of this conveyance are not as simple as would initially appear.

In a partnership governed by the provisions of the Uniform Partnership Act, each partner has three property rights: "(1) His right in specific partnership property, (2) His interest in the partnership, and (3) His right to participate in the management [of the partnership]." N.C. Gen. Stat. § 59-54 (1975). As regards his right in specific partnership property, each partner is deemed a co-owner with his other partners as tenants in partnership. N.C. Gen. Stat. § 59-55(a) (1975). One incident of a tenancy in partnership is that "[a] partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all of the partners in the same property." N.C. Gen. Stat. § 59-55(b)(2) (1975). In construing this section of the Uniform Partnership Act, the Supreme Court of Pennsylvania held that it did

not apply to a conveyance by a withdrawing partner to the sole surviving partner. *Goldberg v. Goldberg,* 375 Pa. 78, 99 A. 2d 474 (1953). *Cf. Oil Co. v. Furlonge,* 257 N.C. at 394, 126 S.E. 2d at 172. It can be contended in this case, however, that the principle in *Goldberg* is not applicable because Wood conveyed the interest in the partnership property to the sole remaining partner *and* a stranger to the partnership, Mrs. Simmons. Therefore, we look to the principles of agency to determine the import of the deed of 30 June 1976.

The evidence shows that in early 1976 Wood told Simmons that he wanted to dissolve the partnership. The two then decided to terminate their business relationship and to sell the assets of the partnership, one of which was the real property at issue here. The value of this property was set at $60,000, and the two agreed that Simmons would be given the option to buy at that price. Simmons decided to buy, and the conveyance of 30 June 1976 was executed. On the same date an additional tract of partnership property was conveyed to Simmons from the partnership. Because this second tract was held in the name of "Wood and Simmons Investments," the deed was from Wood and Simmons Investments, as grantor, to Oscar Harold Simmons and wife, Jacqueline B. Simmons, grantees. Just as the partnership conveyed partnership property held in the name of the partnership to Simmons and his wife on 30 June 1976, the partnership, through Wood as its agent, also conveyed partnership property that was held in the name of the individual partners to Simmons and his wife on 30 June 1976. Thus, when Johnny L. Wood signed the deed conveying one-half interest in the land at issue here to Simmons and his wife, he was acting as an agent of the partnership, conveying partnership property. N.C. Gen. Stat. § 59-34(c) (1975).

Generally, "[w]here the title to real property is in the name of one or more or all [of] the partners . . . a conveyance executed by a partner in the partnership name, or in his own name, passes the equitable interest of the partnership, provided the act is one within the authority of the partner under the provisions of subsection (a) of G.S. 59-39." N. C. Gen. Stat. § 59-40(d) (1975). N.C.G.S. 59-39(a) states that:

Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the ex-

ecution in the partnership name of any instrument, *for apparently carrying on in the usual way the business of the partnership* of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

(Emphasis ours.) Because the conveyance at issue here was not "for apparently carrying on in the usual way the business of the partnership," but was with a view to the immediate dissolution of the partnership, neither N.C.G.S. 59-40(d) nor N.C.G.S. 59-39(a) applies. Instead, N.C.G.S. 59-39(b) applies: "An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners." The conveyance by Wood, as partner, of a one-half interest in this tract of partnership property to Simmons and his wife was not in the ordinary course of partnership business. Simmons, however, as the only other partner of the partnership, impliedly authorized and ratified the conveyance by his acceptance of the deed. Therefore, the partnership was bound by Wood's conveyance of partnership property to Simmons and his wife. N.C. Gen. Stat. § 59-39(b) (1975). "The law of agency shall apply under [the Uniform Partnership Act]." N.C. Gen. Stat. § 59-34(c) (1975).

Upon Mr. Wood's request, the partnership was dissolved in June 1976. "The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." N.C. Gen. Stat. § 59-59 (1975). Simmons testified that "[a]fter these conveyances [of 30 June 1976] the partnership was dissolved and the relationship between me and Johnny L. Wood was terminated." *See* N.C. Gen. Stat. 59-61(1)(b) (1975).

Mere dissolution does not terminate a partnership however; the partnership continues after dissolution until the winding up of partnership affairs is completed. N.C. Gen. Stat. § 59-60 (1975); *Oil Co. v. Furlonge, supra.* Winding up generally involves the settling of accounts among partners and between the partnership and its creditors. *See* N.C. Gen. Stat. § 59-70 (1975). In the pres-

ent case, apparently the partners assumed that the dissolution agreement and the conveyances of 30 June 1976 served to wind up the partnership. Wood testified that upon dissolution Simmons assumed the only debt the partnership owed, which was a note on one of the buildings on the disputed land. Wood also testified that he had understood that Simmons had assumed the lease with Quick Stop as part of the dissolution agreement.[1]

However, the partnership did not complete winding up: one-half interest in the partnership property involved here was still owned by the partnership after the partnership conveyed one-half interest to Simmons and his wife on 30 June 1976. Immediately before the conveyance of 5 November 1979, Simmons and his wife owned one-half interest in the property and the partnership owned the other half.

On 5 November 1979, Simmons and the plaintiff (then his wife) executed a separation agreement which provided that he would convey this property to her in consideration for her transfer to him of certain other tracts of land. Although the title to the property from Mr. Simmons to Mrs. Simmons was transferred by one deed, the conveyance must be analyzed as follows: one-half interest in the property was owned by Simmons and his wife as individuals; the other half-interest was held by the dissolved but incompletely wound-up partnership. Mr. Simmons's conveyance to plaintiff transferred his personally owned interest in the property to plaintiff directly; however, he also transferred to plaintiff the other half-interest as a *partner* conveying the *partnership's* remaining half-interest in the real property. "After dissolution a partner can bind the partnership . . . [b]y any act appropriate for winding up partnership affairs. . . ." N.C. Gen. Stat. § 59-65(a)(1) (1975). *See* N.C. Gen. Stat. § 59-63(2) (1975). The sale of partnership assets upon dissolution is an act appropriate for winding up partnership affairs. Although "[a]n act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners," N.C.G.S. 59-39(b), at the time he made the conveyance to Mrs. Simmons from the partnership, Mr. Simmons was the only remaining partner. Therefore, the

---

1. Apparently the lessee defendant believed that too, since after 1976 the defendant made rental payments payable solely to Oscar Harold Simmons.

partnership was bound by the conveyance because he authorized it, and Mrs. Simmons acquired good title to the half-interest in the property formerly owned by the partnership. *See* N.C. Gen. Stat. § 59-40(e) (1975). Since Mrs. Simmons then owned both of the one-half interests in the property, she held fee simple title.

[3] Mrs. Simmons recorded her deed to the property on 5 November 1979, and the defendant recorded its options to renew the lease on 26 November 1980. It is well settled in this state that only actual prior recordation of an interest in land will serve to put a bona fide purchaser for value or a lien creditor on notice of an intervening interest or encumbrance on real property. Because defendant's lease was not recorded prior to the date on which plaintiff recorded her deed, plaintiff did not take the deed subject to the lease. *Beasley v. Wilson*, 267 N.C. 95, 147 S.E. 2d 577 (1966); *Bourne v. Lay & Co.*, 264 N.C. 33, 140 S.E. 2d 769 (1965); N.C. Gen. Stat. § 47-18(a) (1976). Therefore, Mrs. Simmons is entitled to possession, and summary judgment on the issue of summary ejectment should have been entered for the plaintiff. *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972); *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972).

The opinion of the Court of Appeals is reversed. The cause is remanded to that court for entry of an order reversing the summary judgment for defendant and remanding the cause to the district court for the entry of an order granting summary judgment for the plaintiff.

Reversed and remanded.