## 42370. WILLIAMS v. WILLIAMS.
### (336 SE2d 244)

Hill, Chief Justice.

This case involves the doctrine of unclean hands. The trial court overruled a motion for directed verdict by the former wife on this principle, and the jury found in favor of the former husband. The former wife appeals.

John and Judine Williams had been married for 16 years when one day in June 1981, John told her he was seeking a divorce and she should go with him to a lawyer to sign a settlement agreement. She did. As a result, she received some personal property, a station wagon and custody of a grandchild. He received custody of their 10-year-old son, some personal property and vehicles, and two tracts of land. One tract, about 180 acres in Jones County, had been in his family many years; the other, a lot on Lake Sinclair in Putnam County, had been purchased by him prior to their marriage.

Three days after their divorce became final, the husband married another woman, but they separated about 10 days later. After his new wife left him, the husband went to see his former wife. She says he clearly wanted her back, and deeded her the two tracts of land for love and affection, saying he was sorry he had mistreated her. He says she talked him into deeding her the two pieces of property, until his divorce was final, so that his new wife could not get them. The deeds, which were recorded, are dated August 19, 1981.

---

Thereafter, he lived on the Jones County land and she lived at Lake Sinclair, although they saw each other often while visiting their son. At one point, she decided to sell some timber off the Jones County land, and he agreed to make the arrangements, but she signed the contract and was paid the money. With it she paid not only the mortgage and taxes on the Jones County land, but also some of his bills, including $1800 alimony and $500 in attorney fees to settle his divorce from his new wife in November 1981. Thereafter, he paid the mortgage on the Jones County property.

Nearly two years later, on May 22, 1983, the husband gave up hope that his first wife would remarry him because she was planning to marry another man, and he got remarried himself. On July 11, 1983, the wife deeded her fiancé the Lake Sinclair property so they could get a loan to make improvements upon that house. Two days later, she was served with a suit seeking to compel her to reconvey the two tracts to her former husband on the theory that she had committed fraud upon him in obtaining the deeds to the property. The fiancé was not joined as a party.

At trial, the jury returned a verdict in favor of the husband. The former wife appeals, enumerating as error the trial court's refusal to direct a verdict in her favor on the equitable principle of "unclean hands" and for refusing to require the joinder of her fiancé as a necessary party. See OCGA § 5-6-36 (b). Because we reverse on the former issue, we need not reach the latter.

The husband's suit seeks the aid of equity because his former wife has refused to return to him what he claims is rightfully his property. It is well established, however, that equity is not available to one who lacks clean hands as to the relief being sought. *Griggs v. Griggs*, 242 Ga. 96, 97 (249 SE2d 566) (1978); see OCGA § 23-1-10.

The case of *Cronic v. Smith*, 96 Ga. 794 (22 SE 915) (1895), is applicable here. There the court held: "An executed contract . . . [there a deed of sale, here a deed of gift] made for the purpose of delaying or defrauding a creditor, is binding upon the maker, and he is estopped from impeaching it. . . . Hence, a husband who, in order to delay or defeat the collection of a claim for alimony . . . conveyed land to another person and put that person in possession, could not maintain against the latter an action for the breach of a . . . [written agreement] to reconvey the land whenever so required. This is so, not because the law is disposed to aid one of the wrong-doers in retaining the fruits of the unlawful transaction, but because it denies the benefit of its remedies to the other." *Cronic* was quoted and followed in *Harrell v. Fiveash*, 182 Ga. 362, 364 (185 SE 327) (1936), and *Langan*

*v. Langan*, 224 Ga. 399, 402 (162 SE2d 405) (1968).[1]

A deed of gift is just as binding as a deed of sale. Here the former wife was in possession of the Putnam County tract, as she was of the Jones County tract by virtue of her sale of the timber from it, with her former husband acting as her agent.[2]

In *Sheridan v. Sheridan*, 153 Ga. 262 (111 SE 906) (1922), the husband conveyed his property to his wife, for $5, love and affection, and past and future services, to hinder and delay a person who had a personal injury claim against him. There, as here, the husband asserted that he was induced by his wife to make the deed, thereby making her fault overbalance his. See OCGA § 23-1-15. The court said (153 Ga. at 269): "The fact that the grantor was induced by his wife to make this deed, in order to delay, hinder, or defraud his creditor, can not avail the plaintiff. He was equally guilty with his wife. They are both in the same boat. As both are equally guilty of this fraud, equity will leave them where it finds them."

Construing the evidence in this case most favorably to the husband, who freely admits that the property was placed in his former wife's name in order to avoid any alimony claim against it by his second wife, the first wife was entitled to a directed verdict. *Cronic v. Smith*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 19, 1985 —
RECONSIDERATION DENIED DECEMBER 3, 1985.

*Wayne Rogers*, for appellant.
*J. Wayne Crowley*, for appellee.

---

[1] *Harper v. Harper*, 229 Ga. 583 (193 SE2d 616) (1972), is inapplicable here. That case involved fraud and undue influence in procuring the deed, plus mental incapacity.

[2] The former wife being in possession of the two tracts of land pursuant to recorded deeds, *Fuller v. Fuller*, 211 Ga. 201 (84 SE2d 665) (1954), involving an issue as to the delivery of the deeds, is inapplicable here.