## S91A0807. HILLTOP TERRACE, LTD. v. BAKER et al.
(408 SE2d 704)

CLARKE, Chief Justice.

Following a dispute over the boundary line of their adjacent properties, appellant filed suit against appellee Baker seeking injunctive relief and damages for trespass. Baker counterclaimed for damages, alleging trespass. Baker's uncle, appellee Osby Jackson, claimed an interest in the disputed property and was permitted to intervene in the lawsuit. Thereafter appellant amended its complaint to name as defendants six other relatives of Baker who could potentially claim an interest in the property in question. None of these defendants an-

---

swered the complaint or appeared at trial.

At the conclusion of a lengthy trial the jury determined the boundary line to be that contended by appellant, but awarded general damages to appellees Baker and Jackson. The jury also awarded special damages and attorney fees to appellee Baker. Immediately upon the reading of the verdict all parties objected to its inconsistency. Appellees Baker and Jackson made a motion for mistrial, and appellant moved the trial court to strike the damage portions of the verdict as inconsistent with the jury findings regarding the boundary line. The trial court denied both motions.

Thereafter the trial court made the verdict the judgment of the court. Appellee moved for a new trial. Appellant moved for partial judgment notwithstanding the verdict, or in the alternative, a new trial. The trial court denied each of these motions.

1. In this case both parties claimed title to a disputed portion of the property in question, and both maintained that the other had committed trespasses upon it. Thus, the verdict finding that appellant owned the property but that appellees were entitled to damages for appellant's trespasses upon it was contradictory. *Thompson v. Ingram*, 226 Ga. 668 (2) (177 SE2d 61) (1970). " 'A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside.' " Id. at 671. Therefore, the trial court erred in denying the parties' motions for new trial.

However, because there is some evidence to show that the boundary line is as contended by the appellees, the trial court did not err in denying appellant's motions for directed verdict and judgment notwithstanding the verdict on this issue.

2. At trial Osby Jackson testified that he had no interest in the property in question having given all his interest to Baker's mother. Baker's mother testified that Jackson had given her his interest in the property "somewhere in the '60's" and that she had sold all her interest in the property to Baker in 1969. The evidence being undisputed that appellee Osby Jackson had no interest in the property, it was error to deny appellant's motion for directed verdict against Jackson.

3. Appellant argues that the trial court erred in denying its motion to amend the final judgment in order to enter default judgment against the six defendants who failed to answer the complaint or appear at trial. Contrary to appellant's assertions, the record does not indicate that the trial court denied this motion, but rather shows that this motion has not been ruled on and is pending below.

4. We have examined appellant's remaining enumerations of error and find them to be without merit.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 3, 1991.

*Dickey, Whelchel, Brown & Readdick, Terry L. Readdick,* for appellant.

*Chevene B. King, Jr., Lucinda Stevens,* for appellees.