S92A0076. WILLIAMS et al. v. TRITT et al.
(415 SE2d 285)

FLETCHER, Justice.

A general partner sued another general partner and an investment corporation for breach of fiduciary duty, violations of the Uniform Partnership Act, and breach of federal loan and management agreements. He sought an accounting, dissolution, injunction, and compensatory and punitive damages. We affirm the trial court's granting of an accounting, but reverse the granting of injunctive and other relief.

Charles Williams, a contractor and real estate developer, and Ramie Tritt, an Atlanta physician, became general partners in Cartersville Manor Apartments, Ltd. (CMA) in 1983 to develop a Bartow County apartment complex. Tritt invested $78,750 in CMA as the sole limited partner; the Charles Williams Real Estate Investment Corporation (the management company) managed the complex. After Tritt failed to receive an expected return on his cash investment, he sought to replace the management company, but Williams refused to comply.

Tritt, individually and on behalf of CMA, sued and moved for a formal pre-dissolution accounting under OCGA § 14-8-21. During a

hearing on his motion for an accounting, Tritt also asked for a dissolution of the limited partnership and removal of the management company as managing agent. Williams objected to expanding the hearing beyond its initial purpose. The trial court did not rule on the parties' disagreement. Nearly a year later, without further notice or an additional evidentiary hearing, the trial court granted Tritt an accounting, dissolution, and possession of the partnership property, enjoined Williams and the management company from further management, and referred other issues in the case to an auditor. Williams and the management company appeal.

1. A general partner in a limited partnership generally has the same rights as a partner in a partnership without limited partners. *Sugarman v. Shaginaw*, 151 Ga. App. 621, 626 (260 SE2d 731) (1979); OCGA § 14-9A-70. The Georgia Uniform Partnership Act grants any general partner the right to a formal accounting as to partnership affairs if the partner is wrongfully excluded from partnership business, the right exists under the terms of any agreement or OCGA § 14-8-21, or whenever other circumstances render it just and reasonable. OCGA § 14-8-22. OCGA § 14-8-21 (a) provides:

> Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

Based on the evidence, which includes Williams' testimony and the management company's business records, the trial court determined that Williams directly derived benefits from the conduct of the partnership without Tritt's consent. Because there is some evidence that Williams personally received benefits from CMA to which Tritt did not consent, the trial court did not err in granting an accounting.[1]

2. Williams and the management company complain that they were denied due process when the trial court granted a dissolution and an injunction without giving them notice and an opportunity to be heard on those issues. A judge may "on reasonable notice to the parties . . . determine by interlocutory or final judgment any matter or issue where a jury trial is not required or has been waived." OCGA § 9-11-40 (b). Similarly, OCGA § 9-11-65 (a) (1) requires notice to the adverse party before issuing an interlocutory injunction. When the court has given notice of a hearing on an interlocutory injunction, the

---

[1] Our decision based on Williams' direct benefits from the partnership makes it unnecessary for us to decide whether Williams also derived indirect benefits as sole shareholder of the management company, as the trial court held.

court may determine the merits of the issues after the interlocutory hearing if the parties have not objected or have acquiesced. *Gwinnett County v. Vaccaro*, 259 Ga. 61, 62 (376 SE2d 680) (1989).

After reviewing the record, we conclude that Williams and the management company did not have notice that Tritt was seeking, and the trial court was considering, the granting of a dissolution and injunction at the hearing for a pre-dissolution accounting. Tritt equivocated at the hearing on whether he was seeking immediate relief besides an accounting, and his post-trial brief was not a motion, despite his contention. See OCGA § 9-11-7 (b). Furthermore, the trial court failed to inform the parties that it would resolve Tritt's requests for other equitable relief, including an injunction, and declined to rule on the dispute concerning the purpose of the hearing. Cf. *Regency Club v. Stuckey*, 253 Ga. 583, 586 (324 SE2d 166) (1984) (finding trial court gave adequate notice that it would decide the merits of the action when it stated several times at the interlocutory injunction hearing that it would first resolve the constitutionality of the statute). Finally, Williams and the management company neither consented nor acquiesced to the trial court deciding any issue besides an accounting. Therefore, the trial court lacked the authority to grant any equitable relief other than an accounting without giving them notice and an opportunity to present further evidence on disputed issues of fact.

3. Williams and the management company further contend that they are entitled to a jury trial on all issues, including an auditor's findings on an accounting. They argue that the Uniform Partnership Act creates statutory standards for an accounting and dissolution, concluding that these standards provide legal, rather than equitable, relief.

The rules of common law and equity govern when the partnership statutes have no applicable provision. OCGA §§ 14-8-5; 14-9A-4. We have previously held that a complaint seeking an accounting, dissolution, and injunction is an equity action. *Bettis v. Leavitt*, 236 Ga. 213, 217 (223 SE2d 88) (1976); *Johnson v. Townsend*, 192 Ga. 522, 524 (15 SE2d 790) (1941); see OCGA § 23-2-70. No provision in the Georgia Uniform Partnership Act or Georgia Limited Partnership Act changes a claim for an accounting, dissolution, or injunction into a legal action or grants a partner the right to a jury trial. If, on remand, any claims remain after the auditor's accounting and resolution of other equitable claims, OCGA § 9-7-17 would govern whether the judge submits disputed issues of fact to a jury.[2]

*Judgment affirmed in part and reversed in part. All the Justices*

---

[2] OCGA § 9-7-17 provides: "In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact, and in equity cases by the jury when approved by the judge."

*concur.*

DECIDED APRIL 17, 1992.

*Hoyt, Macleod, Callan, Sproles & Slade, Wade C. Hoyt III, Brinson, Askew & Berry, C. King Askew,* for appellants.
*Shaw, Maddox, Graham, Monk & Harris, William H. Boling, Jr., Michael A. Paulk,* for appellees.