S97A0317. LAXTON v. LAXTON.
(481 SE2d 227)

CARLEY, Justice.

In 1986, Kenneth Laxton (Son) was involved in an automobile collision in which his passenger was injured. Shortly thereafter, Son executed a promissory note payable to Amos Laxton (Father) and secured by a deed to Son's real property. Son had liability insurance coverage on his vehicle and, in 1987, a tort suit brought against Son by his injured passenger was settled. In 1995, Son filed suit against Father, seeking cancellation of the note and deed on the ground that there was no consideration therefor. At a jury trial, Son's evidence showed that Father induced him into executing the note and deed by telling him it was necessary to protect against losing his real property in the event the injured passenger filed suit against him. At the close of the evidence, Father moved for a directed verdict, on the ground that Son had unclean hands through his participation in a scheme to defraud a potential judgment creditor. The trial court granted Father's motion and Son appeals.

Son contends only that a jury would have been authorized to find that any fault on his part in executing the note and deed was decidedly overbalanced by the fault of Father. OCGA § 23-1-15. Under Son's own evidence, however, he executed the note and deed for the express purpose of delaying, hindering or defrauding a potential

judgment creditor. At that time, Son was a 25-year-old high school graduate who was emancipated from Father and fully capable of transacting business. Under this evidence, a verdict against Son was demanded. *Williams v. Williams*, 255 Ga. 264 (336 SE2d 244) (1985); *Sheridan v. Sheridan*, 153 Ga. 262, 269 (111 SE 906) (1922).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1997.

*John E. Pirkle*, for appellant.
*Robert B. Smith*, for appellee.