## A98A1099. LAXTON v. LAXTON.
(507 SE2d 146)

Judge Harold R. Banke.

In 1987, Kenneth Laxton executed a promissory note and deed to his father, Amos Laxton, "for the express purpose of delaying, hindering or defrauding a potential judgment creditor." *Laxton v. Laxton*, 267 Ga. 591, 592 (481 SE2d 227) (1997). Eight years later, Kenneth Laxton attempted to cancel the note and deed on the ground that they lacked consideration. He also sought to enjoin his father from foreclosing on the property through a non-judicial foreclosure proceeding. At trial, the court directed a verdict in favor of Amos Laxton on the undisputed evidence that the transfer was fraudulent.

After the property was subsequently sold on the courthouse steps to Amos Laxton as the highest bidder, Kenneth Laxton filed the underlying action claiming he was entitled to all of the proceeds of the sale because the note lacked consideration. By court order, Amos Laxton was required to make an accounting of the proceeds of the sale. Kenneth Laxton appeals the dismissal of his case. *Held*:

In his sole enumeration of error, Kenneth Laxton claims that the trial court erred in not considering the motions for summary judgment and ordering the proceeds of the sale be paid to his father. He contends that he is entitled to all the proceeds of the sale less the necessary expenses. We disagree.

Without question, Kenneth Laxton had "unclean hands through his participation in a scheme to defraud a potential judgment creditor." *Laxton*, 267 Ga. at 391. Where two parties engage in a fraudulent transfer and are in pari delicto, "equity will leave [the parties] where it finds them." *Langan v. Langan*, 224 Ga. 399, 402 (2) (162 SE2d 405) (1968). OCGA § 23-1-15. Having transferred the property to his father, Kenneth Laxton has no claim to the proceeds of the sale which the evidence shows did not exceed the amount of the promissory note, interest, advertising costs, and attorney fees. *Sheridan v. Sheridan*, 153 Ga. 262, 269-270 (111 SE 906) (1922) (where both transferor and transferee guilty of fraud, deed is, nevertheless, binding as to them). See *Williams v. Williams*, 255 Ga. 264, 266 (336 SE2d 244) (1985) (equity unavailable to grantor who participates in fraudulent transfer made to delay, hinder or defraud his creditor). Nor can Kenneth Laxton re-litigate the issue of failure of consideration which has been determined adversely to him. See *Dept. of Human Resources v. Fleeman*, 263 Ga. 756, 757 (2) (a) (439 SE2d 474) (1994).

We find no error.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 21, 1998 —
RECONSIDERATION DENIED SEPTEMBER 3, 1998.

*John E. Pirkle*, for appellant.
*Robert B. Smith*, for appellee.