## S01A0062. HOLMES v. HENDERSON.
### (549 SE2d 81)

FLETCHER, Presiding Justice.

James Henderson brought a declaratory judgment action against Jerry Holmes seeking to establish that certain property was jointly owned. The trial court entered judgment granting the relief sought and Holmes appeals. Because the trial court's judgment does not depend on equitable principles and properly reflects the jury's verdict, we affirm.

Henderson and Holmes have operated real estate partnerships for many years. In 1986, they jointly purchased a 77.98 acre tract in Dawson County. In 1990, Henderson conveyed his interest in the property to Holmes in order to protect his interest from a potential judgment creditor. Despite the conveyance, the parties continued to treat the property as partnership property. When Holmes refused to reconvey the property, Henderson sought an implied trust and a declaratory judgment. The case was tried with a jury, which answered special interrogatories. The jury found that the property is partnership property, that Holmes owns one-half of the property in an implied trust for the benefit of Henderson, that Henderson is guilty of unclean hands in deeding the property for the purpose of defrauding creditors, and that Henderson and Holmes are both guilty of unclean hands.

1. Holmes contends that the trial court's judgment is in error because the jury's finding of unclean hands precludes the granting of equitable relief to place the property in partnership hands. The equitable doctrine of unclean hands, however, has no application to an

action at law.[1] The jury was instructed on partnership law as found in Georgia statutes and its finding that the property is owned by the partnership is not dependent upon principles of equity.

2. (a) The trial court was required to produce a judgment that conforms to the jury's verdict.[2] Had the trial court entered a judgment that denied partnership rights to the property, it would have failed to conform the judgment to the jury's verdict. A review of the jury instructions demonstrates that the trial court's judgment is consistent with all the jury's responses to the special interrogatories. The jury was charged on the doctrine of unclean hands and was instructed that "the doctrine applies only when the reprehensible conduct complained of pertains to the controversy at issue." Thus, by finding that the partnership owned the property, the jury implicitly made a finding that the wrongful conduct did not pertain to the controversy in issue.

(b) Additionally, the jury asked for a definition of "equally guilty." The trial court answered, "The phrase 'equally guilty,' as it is used in question number four of the verdict form, means that both parties have unclean hands, and not that the unclean hands of each are equal."[3] This explanation, consented to by both parties, is inconsistent with OCGA § 23-1-15, which recognizes that while equal fault will preclude equitable relief, fault that is unequal will not. In view of the definition given, there is no finding of equal fault and, thus, no hindrance to the granting of equitable relief.

*Judgment affirmed. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

In order to achieve what it apparently perceives to be a better result, the majority initially disregards the fact that the jury's finding that the partnership owns the property is itself wholly dependent on the imposition of an implied trust. If the trust cannot be imposed, then the partnership cannot be the owner of the property. The majority also refuses to acknowledge forthrightly the contradictory nature of the jury's special verdict, and construes the findings of unclean hands to mean the opposite of what the language actually signifies. In that portion of its opinion which most grievously damages the established law of Georgia, the majority misstates the principle of equal fault, identifies an additional error and, on that basis, anoma-

---

[1] See *Jones v. Douglas County*, 262 Ga. 317 (418 SE2d 19) (1992).

[2] OCGA § 9-12-9 (judgment and execution shall conform to the verdict).

[3] The fourth question of the verdict form reads: "Do you find that both the Plaintiff, James Perry Henderson, and the Defendant, Jerry Holmes, are equally guilty of unclean hands in the deeding of the Dawson County property known as Fawsett's Lake?"

lously concludes the trial court's erroneous judgment is correct. Therefore, I must respectfully dissent.

1. Contrary to the majority's pronouncement that "there is no finding of equal fault," the jury specifically found that "both . . . Henderson and . . . Holmes are *equally* guilty of unclean hands in the deeding of the . . . property." (Emphasis supplied.) "When both parties are equally at fault, equity will not interfere but will leave them where it finds them." OCGA § 23-1-15. Thus, the trial court did not "conform" its judgment to the verdict when it implied a trust on behalf of Henderson as the equally guilty partner. Equity will not declare an implied trust to exist "at the insistence of a party who lacks clean hands with respect to those matters concerning which he seeks relief. [Cits.]" *Griggs v. Griggs*, 242 Ga. 96, 97 (249 SE2d 566) (1978).

Under the majority's analysis, however, any error in the imposition of the trust simply disappears because the trial court erred in charging the jury that equal guilt means only that both parties have unclean hands. Assuming that this charge is erroneous, it has long been settled that, in trials in this state, "[t]wo wrongs can not make right. [Cits.]" *Ga. Power Co. v. Puckett*, 181 Ga. 386, 393 (1), (2) (182 SE 384) (1935). See also *Glisson v. State*, 188 Ga. App. 152, 154 (2) (372 SE2d 462) (1988). "There can be no equation of errors in the trial of a case. [Cit.]" *Stapleton v. Monroe*, 111 Ga. 848 (2) (36 SE 428) (1900). See also *Housing Auth. v. Kolokuris*, 110 Ga. App. 869, 870 (140 SE2d 239) (1965). "A correct judgment can not be produced by a set-off of errors, any more than two wrongs make one right." *Eberhardt v. Bennett*, 163 Ga. 796, 797 (4) (137 SE 64) (1927). Therefore, the fact that an erroneous instruction wrongs an appellee cannot "balance" an error complained of by the appellant. *Smith v. Bruce*, 129 Ga. App. 97, 99 (2) (198 SE2d 697) (1973).

Moreover, even if the cited charge on unclean hands somehow shows that the jury did not find equal fault, that finding still would not support the majority's affirmance of the grant of equitable relief in favor of Henderson. Equity will interfere only when the fault of the defendant "decidedly overbalances" that of the plaintiff. OCGA § 23-1-15; *Laxton v. Laxton*, 267 Ga. 591 (481 SE2d 227) (1997); *Williams v. Williams*, 255 Ga. 264, 266 (336 SE2d 244) (1985). Thus, Henderson was not entitled to equitable relief if his fault was either equal to or greater than that attributable to Holmes. This explanation of the equitable maxim of unclean hands is consistent with the principle, upon which the trial court charged, that

> equity will not grant relief to a party who comes into court with unclean hands, or is guilty of an illegal or immoral act, [OCGA § 23-1-7 et seq.], nor aid a grantor . . . in seeking to

cancel a security deed which was executed by him for the purpose of hindering, delaying or defrauding creditors. [Cits.] These rules stem from the just and salutary principle that one will not be permitted to profit by his own wrong. . . .

*Fuller v. Fuller*, 211 Ga. 201, 202 (84 SE2d 665) (1954). The jury *separately* found that Henderson was guilty of unclean hands. Thus, even if the jury applied the charge on unclean hands as the majority opines, its actual finding is considerably more likely to have required the denial of equitable relief than the grant thereof. If the jury found that Henderson had *either* greater fault *or* equal fault, equitable relief was inappropriate. Therefore, the imposition of an implied trust was proper *only* if the jury found that Holmes' fault decidedly overbalanced that of Henderson. More importantly, Henderson's own testimony that he conveyed his interest in the property to Holmes, an equal partner, for the express purpose of protecting it from a potential judgment creditor, demanded a finding that Henderson was at least as much at fault as was Holmes. *Laxton v. Laxton*, supra; *Williams v. Williams*, supra; *Sheridan v. Sheridan*, 153 Ga. 262, 269 (111 SE 906) (1922). Thus, the trial court's charge on unclean hands could not possibly balance its erroneous imposition of an implied trust and thereby produce a correct judgment, even if such a "set-off" were permissible under Georgia law.

Contrary to the majority opinion, it does not logically follow from the trial court's instruction that the doctrine of unclean hands "applies only when the reprehensible conduct complained of pertains to the controversy at issue," that the jury, by finding that the partnership owned the property, must have "implicitly made a finding that the wrongful conduct did not pertain to the controversy in issue." Obviously, ownership of the property is a separate and distinct issue from whether the partners were guilty of unclean hands in manipulating title. The jury's finding as to one of those issues does not necessarily have any implicit bearing on its finding as to the other. Furthermore, it is undisputed that Henderson's unclean hands could only relate to "those matters concerning which he seeks relief. [Cits.]" *Griggs v. Griggs*, supra at 97. Henderson's fraudulent transfer of his interest in the property to Holmes relates directly to the transaction from which he seeks relief. Compare *Sparks v. Sparks*, 256 Ga. 788, 789 (2) (353 SE2d 508) (1987); *Seymour v. Bruce*, 187 Ga. App. 357, 359 (370 SE2d 211) (1988).

The trial court clearly erred in imposing an implied trust for the benefit of Henderson when the jury found that he had unclean hands and was equally at fault in deeding his interest in the property to Holmes. " 'A verdict that is contradictory and repugnant is void, and

no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside.' [Cit.]" *Hilltop Terrace v. Baker*, 261 Ga. 592, 593 (1) (408 SE2d 704) (1991). See also *Four Oaks Homes v. Smith*, 153 Ga. App. 326, 328 (1) (265 SE2d 76) (1980). In my opinion, the judgment of the trial court should be set aside because the finding of unclean hands precludes the imposition of an implied trust.

2. Henderson sought the imposition of an implied trust and declaratory judgment. The equitable defense of "unclean hands" is not generally available in a declaratory judgment action, which is normally considered an action at law, rather than an equitable action. *Glover v. Glover*, 172 Ga. App. 278, 279 (2) (322 SE2d 755) (1984). However, if a plaintiff's prayers for relief are *predicated* upon the imposition of an implied trust, his unclean hands will foreclose him from obtaining any declaratory or other legal relief sought. *Whitley v. Whitley*, 220 Ga. 471, 474 (139 SE2d 381) (1964). Thus, the remaining question in this case is whether the trial court's declaration that the property belongs to a partnership can stand alone or is dependent on the erroneous grant of equitable relief in favor of Henderson.

There certainly was evidence that a partnership existed and that the property *was* partnership property at the time of its original purchase. However, one partner subsequently conveyed his interest in the property to the only other partner. The Uniform Partnership Act (UPA), particularly OCGA § 14-8-25 (b) (2),

> "does not preclude an assignment by one partner to another partner of . . . specific property theretofore belonging to a partnership of two persons, but merely forbids such an assignment by one partner to a third party or stranger unless it is joined in by all of [the] other partners, or (forbids) an assignment to a partner not executed by all the other partners."

*Goldberg v. Goldberg*, 99 A2d 474, 476 (Pa. 1953). See also OCGA § 14-8-41 (a).

> Where title to real property is in the name of one or more or all the partners . . ., a conveyance executed by a partner . . . in his own name, passes the equitable interest of the partnership unless the partnership proves that the act was not one within the authority of the partner under the provisions of Code Section 14-8-9.

OCGA § 14-8-10 (c). Holmes, "as the only other partner of the partnership, impliedly authorized and ratified the conveyance [pursuant

to OCGA § 14-8-9 (2)] by his acceptance of the deed. Therefore, the partnership was bound by [the] conveyance. . . ." *Simmons v. Quick Stop Food Mart*, 296 SE2d 275, 280 (N.C. 1982).

Accordingly, the conveyance to Holmes was a valid transfer and the partnership cannot hold legal title to the property unless and until that deed from Henderson is set aside. The only way that the partnership or Henderson could have any interest in the property would be for equity to declare the existence of a trust. Thus, the declaratory relief granted in this case is necessarily predicated wholly upon the unauthorized grant of equitable relief. See *Whitley v. Whitley*, supra at 474. Furthermore, nothing in the UPA changes this equity action into one at law. OCGA § 14-8-5; *Williams v. Tritt*, 262 Ga. 173, 175 (3) (415 SE2d 285) (1992). In my opinion, therefore, the jury's finding of unclean hands compels reversal of not only the implied trust portion of the judgment, but also the remaining declaratory portion thereof.

The application of the doctrine of unclean hands is appropriate " 'not because the law is disposed to aid one of the wrong-doers in retaining the fruits of the unlawful transaction, but because it denies the benefit of its remedies to the other.' " *Williams v. Williams*, supra at 265.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED JUNE 25, 2001.

*Curtis G. Brown*, for appellant.
*Robert M. Dyer*, for appellee.