A06A2080. BRIDEN v. CLEMENT et al.
(642 SE2d 318)

MIKELL, Judge.

Plaintiff Gretchen Briden f/k/a Neeley ("Gretchen") appeals from the grant of summary judgment to her brother and his wife, defendants Gordon Clement ("Gordon") and Lynda Clement, in her action seeking a declaratory judgment that an agreement they signed in 1986 regarding the terms of a trust set up by Gretchen and Gordon's father, David Scott Clement ("Clement") was void. We affirm for the reasons set forth below.

The record shows that Clement created the trust in 1985 in Florida for the benefit of his spouse, Ruth Clement ("Ruth"). It is governed by Florida law. The terms of the trust provided that after

---

Ruth's death, the income would be paid to Gretchen for her lifetime, and that after she died, the corpus would be distributed to her children per stirpes. Gordon was not mentioned in the trust, except as a successor trustee. The trust was revocable and amendable during Clement's lifetime, but it contained a clause prohibiting the alienation of any beneficiary's interest.

Clement died on August 4, 1986. Two months later, Gretchen, her children, and Gordon executed an agreement amending the trust to provide that after Ruth died, one-half of the estate would be distributed to Gordon, per stirpes. The agreement stated that the parties believed that the settlor "did not notice a clerical error" when he failed to include Gordon in the distribution of the trust proceeds.

Ruth died on February 27, 2003. Gretchen filed suit shortly thereafter, seeking, inter alia, a declaration that the agreement was void, the removal of Gordon and Lynda Clement as trustees, an accounting, and an injunction. In the complaint, Gretchen alleged that the agreement was void ab initio because no guardian had been appointed to represent the interests of unborn or contingent minor beneficiaries at the time it was executed. She sought the appointment of a guardian ad litem. Gordon's answer asserted as defenses, inter alia, waiver, estoppel, and laches. The trial court appointed a guardian ad litem to represent the interests of any and all beneficiaries not sui juris. Thereafter, the parties filed cross-motions for summary judgment. The guardian ad litem joined Gretchen's motion, asserting that the agreement was invalid because it adversely affected the interests of contingent beneficiaries without the consent of a representative or judicial approval.

The trial court granted Gordon's motion for summary judgment, ruling that the agreement reformed the trust and was enforceable under Florida law because the evidence demonstrated that it reflected Clement's intent. Pursuant to its equity powers, the court declared the trust enforceable as reformed. Gretchen appeals.

1. Gretchen argues that the absence of participation by a representative of the minor, unborn, or contingent beneficiaries not sui juris in 1986 is fatal to the agreement. In support of her argument, Gretchen cites *Florida Nat. Bank & Trust Co. v. Blake*,[1] which held that termination of an irrevocable trust was improper because not all beneficiaries were parties to the termination proceedings. In *Blake*, a guardian ad litem was appointed to represent the minor children of the settlor's first marriage, but not the minor issue of his third marriage, nor for any contingent beneficiaries.[2] In contrast here, the

---

[1] 155 S2d 798 (Fla. App. 1963).
[2] Id. at 799-800.

court appointed a guardian ad litem to represent the interests of any and all beneficiaries not sui juris. *Blake*, in which beneficiaries not sui juris had no representative, is thus distinguishable.

2. Gretchen contends that the trial court erred in finding that there were no beneficiaries not sui juris and in removing the guardian. The guardian ad litem was the proper party to appeal this ruling but elected not to do so.[3] Gretchen thus lacks standing to assert this argument.

3. As Gretchen concedes, Florida law permits reformation of a trust after the death of the settlor.

> Allowing a court to reform an inter vivos trust after the death of the settlor is consistent with general equitable principles well-established in Florida and other states. It has long been held that equity will reform an agreement so as to conform to the intent of the parties, when an agreement, which due to a mistake of the drafter, violates or fails to carry out the intention of the parties. Relief is given where, through a mistake of the scrivener, the instrument contains an error or fails to properly define the terms agreed to by the parties.[4]

In the case at bar, Clement's intent to make Gordon and Gretchen equal beneficiaries of the remainder of his trust is demonstrated by the uncontradicted deposition testimony of Carol M. Stanley, the board-certified Florida estate attorney who prepared the trust document. She testified that the notes of her meeting with David and Ruth Clement indicated that upon Ruth's death, David Clement intended for the trust funds to be distributed to "Gordon E. Clement p. s. Gretchen E. Nealy [sic] p. s." Stanley testified that "p. s." was her shorthand for per stirpes. These notes are included in the record. Stanley also deposed that Ruth called her after Clement died to acknowledge that he had made a mistake in omitting his son. Stanley's notes of that conversation reflected that, according to Ruth, Gretchen would sign the agreement.

Gretchen offers no evidence to dispute that a drafting error was made in the trust, and by signing the agreement, she admitted that

---

[3] See *In the Interest of M. B. B.*, 241 Ga. App. 249, 250 (1) (a) (526 SE2d 76) (1999) (former temporary guardian lacked standing to appeal order terminating natural mother's parental rights; guardian ad litem was proper party and chose not to appeal); *Miller v. Rieser*, 213 Ga. App. 683, 690 (2) (446 SE2d 233) (1994) (minor has standing through guardian ad litem to appeal ruling in custody action).

[4] (Citation omitted.) *Schroeder v. Gebhart*, 825 S2d 442, 445 (Fla. App. 2002). See also *Davis v. Rex*, 876 S2d 609, 612 (Fla. App. 2004) (adopting *Schroeder* and holding that it is irrelevant whether trust is revocable).

such an error had been made. Moreover, Gretchen deposed that she received legal advice prior to signing the agreement. Her counsel, who was not a member of the Florida Bar, advised Gretchen to retain a Florida lawyer and not to sign the agreement. Gretchen did not follow this advice. Instead, according to her deposition, she devised a plan to sign the agreement and to wait until after Ruth's death to challenge its enforceability. Gretchen testified that at the time she signed the agreement, she did not intend to abide by it. She simply wanted to get Gordon and Ruth "off [her] back" and stop them from raising the issue that there was a clerical mistake in the trust. Gretchen testified that counsel had advised her that the document was not legally binding.

Gretchen's testimony provides evidence of laches and unclean hands. However, the trial court correctly ruled that Gordon could not rely upon these defenses because they are equitable doctrines not applicable in a declaratory judgment action, which is an action at law.[5] The evidence does show that Gretchen was fully aware of the drafting error at the time she signed the agreement and did nothing to contradict that understanding for 17 years.

As stated above, Florida law provides that a trust may be reformed after the death of the settlor for a unilateral drafting mistake so long as reformation is not contrary to the settlor's "interest." In the seminal case on this issue, *In re Estate of Robinson*,[6] the court relied on an Illinois case which described trust reformation as "in harmony" with the settlor's "interest" where, as here, "it effectuates his manifest intention to divide the property in question equally between his two [children]."[7] As the evidence in the case at bar conclusively demonstrates Clement's intent to divide the remainder of the trust proceeds equally between his two children, per stirpes, the trial court did not err in granting summary judgment to Gordon regarding the validity of the agreement to reform the trust to reflect Clement's intent.

4. Gordon's motion to strike Gretchen's reply brief to the extent that it attaches a document which was not included in the appellate record is granted pursuant to Court of Appeals Rule 24 (g).

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 19, 2007.

---

[5] *Holmes v. Henderson*, 274 Ga. 8-9 (1) (549 SE2d 81) (2001) (unclean hands); *Jones v. Douglas County*, 262 Ga. 317, 320 (1) (a) (418 SE2d 19) (1992) (laches).

[6] 720 S2d 540 (Fla. App. 1998).

[7] (Citation omitted.) Id. at 543.

*Reeves & Reeves, C. Fred Reeves, Charles F. Reeves, Jr., Lefkoff, Duncan, Grimes & Miller, Douglas W. Duncan,* for appellant.

*Chamberlain, Hrdlicka, White, Williams & Martin, James M. Kane, David P. Thatcher, Gary D. Zweifel,* for appellees.